ALBANY,
Oct. 1825.

Gleason
v.
Pinney.

GLEASON *against* PINNEY.

In an action on a note for a certain sum of money, payable in specific articles, at a certain price, the sum expressed, not the value of the articles, is the true measure of damages.

ON error to the Onondaga C. P.   The action in the court below was *assumpsit*, by Pinney against Gleason, upon several notes, due at different times, in this form :

" For value received, I promise to to pay John Pinney, seventy-nine dollars, fifty cents, on the first day of August, 1822, in salt, at fourteen shillings per barrel, in good boating order.   Liverpool, June 30th, 1820.

*Ara Gleason.*"

On these several notes, if the sum due upon them was calculated in the dollars and cents expressed, with interest, the balance due to the plaintiff below, at the time of the trial, (May, 1824,) over and above the defendant's payments and set-off proved upon the trial, would have been $87 60 ; but if the sum due upon the notes was calculated at the cash value of the salt, when they respectively became due, with interest to the time of the trial, then no balance would have been due to the plaintiff below ; but the verdict should have been for the defendant.

These facts being found specially by the jury, the court below rendered judgment for the plaintiff, for the $87 60, with costs.

The only question, now, on error was, whether the money, or the value of the salt, was the proper measure of damages.

*B. D. Noxon*, for the plaintiff in error.

*S. Beardsley*, contra, cited *Brooks v. Hubbard*, (3 Con. Rep. N. S. 58.)

*Curia*, per SAVAGE, Ch. J.   The Court of Common Pleas adopted the true measure of damages.   The defendant below acknowledged, by his several notes, the amount of the debt due in dollars and cents.   The delivery of the salt was the mere mode of payment.   He might have

avoided the payment of the whole sum by this delivery; but not having done so, he should not be discharged by paying less than the debt which he has agreed to be due. This precise question was very fully considered in *Brooks* v. *Hubbard*, cited by the counsel for the defendant in error; and the rule acted upon in this case, holden to be the correct one. The same rule was recognized by this Court, in *Smith* v. *Smith*, (2 John. Rep. 235, 243.) The judgment must be affirmed.

Judgment affirmed.