By the Court.—Brady, J.
The certificate upon which the plaintiff seeks to recover in this action is an acknowledgment of the receipt of ten thousand dollars, by the defendants in work done and materials provided by the plaintiff under his contract with them for the construction of their road from Newark, New Jersey, to the Delaware river, being a part of the estimate for a certain period, in consideration of which they promise and agree to pay him, or bearer, the sum of ten thousand dollars, with interest from the date thereof at seven per centum per annum, on demand, after November 1, 1870, in first mortgage bonds. The certificate bears the corporate seal of the defendants. The execution and delivery of it is not denied by the answer. No suggestion is therein' contained that it was irregularly, improperly, or improvidently issued. It was claimed, however, upon the trial that the defendants had no power under their charter to make such an instrument, and therefore the plaintiff could not maintain the action.
The acts of the legislature of New Jersey, which were put in evidence, show that the defendants had ample authority not only to build a road, but to issue the bonds and to sell and negotiate them. It was certainly competent, and entirely within the scope of the powers conferred, for them to acknowledge their indebtedness upon a legal contract made by them, and to promise to pay the sum due, either by money or bonds. The payment of the expense of the construction of the road in bonds was a sale or negotiation of them, and so far as developed was an advantageous transaction. It was a substitution of them for money. There is, therefore, nothing of value in the Objection taken.
The certificate related to a legitimate subject of corporate liability, and bore upon its face evidence of an adjustment for work done and materials furnished, for *438 which the defendants acknowledged their indebtedness to the plaintiff, and promised to pay. in bonds. It seems to be wholly unwarranted to say that having lawfully contracted a debt, they could not admit and promise to pay it in the form of a written obligation.
It may be said here, in connection with this branch “of the appeal, that it was not necessary to go into the consideration of any extrinsic matters to ascertain the defendant’s liability. The agreement made was perfect in itself. There are no. ambiguities about it of any nature. It expresses consideration and duty, and lacks' no element necessary for its complete appreciation. And being signed by the officers of the ccg’poration, and bearing the corporate seal, it is to be presumed that they did not exceed their authority, and that the seal was properly affixed (Angel & Ames on Corp., 224).
The contract, therefore, was properly rejected as evidence. It had no relation to any defense established or attempted.
The objection that the demand was premature is equally untenable. The certificate provided for the payment of the sum named in the bonds on demand on November 1, and the demand on the .second of that month was lawful. It is neither a bill of exchange nor promissory note ; but if it were, being payable on demand, it is due immediately, and is not entitled to days of grace (Trask v. Martin, 1 E. D. Smith, 511 ; Bowen v. Newell, 8 N. Y., 190 ; Herrick v. Woolverton, 41 Id., 581).
The instrument is properly an acknowledgment, as suggested by the defendants, of work done by a con- . tractor towards the construction of their road, amounting to ten thousand dollars, and a promise or contract-to pay that sum in bonds after a day named. It is th 3 evidence of indebtedness without the ■ necessary elements of a promissory note or bill of exchange. It is *439 not payable in money only (Edwards on Bills and Promissory Notes, 138-139).
The further objection that the demand should be made at the office of the defendants, in the State of New Jersey, is of no value. The complaint alleges that the defendants at the city of New York made and issued and delivered the instrument in question, and this allegation was not denied.
It also appears that the defendants assumed to be doing business in New York, and when the demand was made at their office, the refusal to comply was placed upon the ground that third persons had'an interest in, or claimed ownership of the obligation, and had given them notice to that effect. This response was given by the secretary óf the defendants, and at the place which purported to be that at which they did business in this State. There is nothing in the defendant’s charter prohibiting- them from keeping an office in this State. It requires them to keep their books and principal office in New Jersey, which is a common condition in charters granted by the States. There is nothing in the charter prohibiting them from contracting with persons of other States to construct their road, or from paying them, or giving them evidences.of their indebtedness, out of the State.
The defendants having an office here, and having placed their refusal to deliver the bonds on other grounds, cannot employ the technical objection stated (King v. Fitch, 2 Abb. Ct. App. Dec., 508). A corporation keeping within the scope of its general powers may contract or bind itself to do any act at any place, and wherever the engagement may be broken, it will be equally liable (Angel & Ames on Corporations, 274). If it were available, however, there is still •another answer, and that is that the commencement of this action was a demand which the defendants might have answered by tendering the bonds. They did not *440 do so, but answered upon the merits. This is conclusive (Haxton v. Bishop, 3 Wend., 13).
The plaintiff having established the demand and refusal of the defendants to give the bonds, he was entitled to recover the sum of money named in the certificate. Whatever rule may have been adopted in other States, and it may be conceded that the decisions are in conflict, the question is set at rest here by the case of Pinney v. Gleason (5 Wend., 593 ; see also Rockwell v. Rockwell, 4 Hill, 164). The certificate was given for ten thousand dollars, and was evidence that the defendants had received the value thereof.
It is for a certain sum payable in bonds, which is a privilege for the benefit of the maker (Chipman on Contracts, 35 ; 1 Poth. on Obligation, 347, no. 349 ; Pinney v. Gleason, supra). But if he does not at the proper time avail himself of his election, the principal and interest must afford the rule of damages. The delivery of the bonds was the mere mode of payment, and the defendants might have avoided the payment of the whole sum by such delivery (Brooks v. Hubbard, 3 Conn., 58).
The essence of the defendants’ liability is to pay the sum of ten thousand dollars (cases supra). The case of Moore v. Hudson River Railroad Company, (12 Barb., 156), is not in conflict with the cases cited, but so far as it may be in opposition to Pinney v. Gleason, it is not authoritative.
In that case the contractors agreed to accept stock at its par value, but did not demand it, the plaintiff who was an assignee, assuming and insisting that the defendants were bound to seek him and tender the stock. The court held that he did not bring himself within the principle applied to agreements to pay in specific articles which imposed upon the party agreeing to pay, the obligation to tender.
The proposition is therein stated, however, that the *441 medium of payment was selected for the convenience of the debtor. The decision upon the question stated was that the defendants were not bound to tender, and the plaintiff was in default in not making Tiis demand.
It is therefore entirely different from this case.
The evidence given to show who the officers were was prima facie sufficient to put the defendants to proof. It cast the burden upon them of showing that the persons named, or some of them, were not as described. The minutes of the company, though the best evidence, are not always required.
The secretary who signed the certificate was the person upon whom the demand was made, and he replied on behalf of the defendants, acting for them in the same capacity. The evidence showed, therefore, acts and general reputation, which was enough for the purpose stated (Litchfield Company v. Bennett, 7 Cow., 234).
Having arrived at these conclusions, it is apparent that all the exceptions of the defendants are ineffectual. The attempted proof of fraud between other parties was properly rejected (Greason v. Stellwager, 25 N. Y., 315). If the defendants wished to shield themselves from conflicting claimants, they should have inter-pleaded in the proper manner.
. The judgment must be for the plaintiffs, with costs.