THE NEW YORK NEWS PUBLISHING COMPANY, Respondent, *v.* THE NATIONAL STEAMSHIP COMPANY, Appellant.

*Amendment to complaint — when deemed made — evidence of agency sufficient to support a verdict.*

In an action brought to recover for services rendered in publishing an advertisement the plaintiff alleged an indebtedness from the defendant, and proved, without amending the complaint, a contract to advertise and take pay in tickets, a demand of the tickets, and a refusal by the defendant to deliver them.

Some of this testimony was taken "*de bene esse*," and when the same evidence was offered on the trial the defendant did not allege surprise.

On the trial the agent of the defendant admitted that he must have given authority to someone to insert the advertisement which it was claimed by the plaintiff had been inserted by the direction of an employee of the defendant, and a judgment was rendered in favor of the plaintiff.

*Held,* that as no injustice had resulted from such judgment the complaint would be deemed amended to conform to the proof, and that under the proof the jury were not required by the evidence to find for the defendant.

APPEAL by the defendant, the National Steamship Company, Limited, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 21st day of December, 1892, upon the verdict of a jury rendered at the New York Circuit, and also from an order made at the New York Circuit on the 12th day of December, 1892, denying the defendant's motion for a new trial.

The complaint in this action alleged " That the said defendant is indebted to the said plaintiff in the sum of $591.18, with interest thereon from June 28, 1884, said sum being a balance due said plaintiff from said defendant for work, labor and services in advertising for and at the special instance and request of said defendant."

*John Chetwood,* for the appellant.

*James M. Smith,* for the respondent.

PARKER, J. :

The jury were authorized in finding, as from their verdict it must be assumed they have, that an agreement was made between the parties by which the plaintiff was to do certain advertising for the defendant, and to take its pay in tickets.

The agent of the defendant attempted, but unsuccessfully, to challenge the authority of the employee McLean, who represented himself as acting for the defendant, and with whom plaintiff made the contract which it has substantially performed. He testified, however, that there was some conversation with him (McLean) and tickets taken out.

(It appears that after the advertising had run for some time, steamship tickets of the value of $360 were applied for and issued to the plaintiff.)

" Q. You say you never gave any authority to anyone to put the advertisement in ? A. I must have given authority to somebody to put that advertisement in, but I do not recollect it. * * * I say distinctly, if I made any arrangements, it was made for tickets, a certain number of tickets which were taken out of the office afterwards by Mr. Wood or his agents. * * * Q. Did you authorize McLean to make any bargain with the *Daily News,* in reference to advertising ? A. I don't recollect it ; I must have done it with somebody, because the tickets were taken out, so that I must have passed them at the time. * * * I must have authorized someone, but I cannot recollect who it was with, or what I said at the time so as to be able to swear to it."

The rest of his testimony need not be referred to, as it is evident from that already quoted that the jury were not required to find from his testimony that McLean acted without authority.

The contract having been established, it was shown that the value of the advertising done thereunder by the plaintiff was $951.18, while it had received tickets only of the value of $360 ; that it had demanded the tickets of the defendant, but had been refused.

Refusal of performance on the part of the defendant operated to convert its obligation into one for the payment of money. (1 Sedg.

on Dam. 509; *Gleason* v. *Pinney*, 5 Cow. 152; *Smith* v. *Smith*, 2 Johns. 235, 243; *Brooks* v. *Hubbard*, 3 Conn. 58.)

This was the view adopted by the trial court, and the exception taken to his charge, intended to raise the question that there should be no recovery in money, is without merit.

Defendant objected to the evidence on which the recovery is founded on the ground that it was not pleaded. The complaint merits some criticism, but it called the attention of the defendant to the contract on which plaintiff rested its right to recover.

Besides, it appears that some of the testimony was taken "*de bene esse*," so that the defendant came to the trial understanding full well the theory of the plaintiff's action.

When the testimony was offered, he did not allege surprise, and, from what has been said, it is apparent that he could not well have done so.

As no injustice has resulted, the complaint will be deemed amended to conform to the proofs.

The judgment and order should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment and order affirmed, with costs.