THE NEW YORK NEWS PUBLISHING COMPANY, Respondent, *v.* THE NATIONAL STEAMSHIP COMPANY, Appellant.

1. SERVICES — AGREEMENT FOR PAYMENT IN PROPERTY. Where a party agrees to pay the value of services rendered, in specific articles of property, and, upon demand, refuses or fails to deliver the property, his obligation is thereby converted into one for the payment of money.

2. PLEADING — BILL OF PARTICULARS — MOTION TO MAKE DEFINITE. Ordinarily, facts may be pleaded as they actually exist or according to their legal effect at the option of the pleader. When pleaded according to the legal effect and the opposite party is uninformed as to the proof he is required to meet at the trial, as a general rule his remedy is by a demand for a bill of particulars or a motion to make more definite and certain.

3. Pleading and Proof — Variance. Where a complaint alleges a money indebtedness for services rendered, proof of an agreement to perform the work for payment in specific articles of property, the performance of the work and the refusal to deliver the articles, does not constitute a material variance.

Reported below, 72 Hun, 158.

(Argued December 12, 1895; decided December 19, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 13, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying defendant's motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Chetwood* for appellant. The statement, in the opinion of the General Term, that the contract was substantially performed, is entirely without proof, and the failure to prove a substantial performance of the contract is fatal. (*Dauchy* v. *Drake*, 85 N. Y. 411.) Plaintiff set up in the complaint one cause of action and proved, under defendant's objections and exceptions, a different cause of action. (Code Civ. Pro. § 481; *Lent* v. *N. Y. & M. R. R. Co.*, 130 N. Y. 510; *Barnes* v. *Quigley*, 59 N. Y. 268; *Mea* v. *Pearce*, 63 Hun, 402; *Southwick* v. *F. N. Bank*, 84 N. Y. 420.) The court erred in instructing the jury to find for so much money. (*Gleason* v. *Pinney*, 5 Cow. 152; 2 Johns. 235.)

*W. H. Newman* for respondent. The refusal of the defendant to deliver the tickets when called for was a breach of the agreement on its part, and the obligation, by its refusal, was converted into a money obligation. (*Gleason* v. *Pinney*, 5 Cow. 152; *Smith* v. *Smith*, 2 Johns. 235–243; *Brooks* v. *Hubbard*, 3 Conn. 58.) It was unnecessary to amend the complaint. (Code Civ. Pro. § 723; *Place* v. *Munster*, 65 N. Y. 104; *Colin* v. *Gunter*, 11 N. Y. 373.)

O'BRIEN, J.　The complaint in this action alleged that the defendant was indebted to the plaintiff in the sum of $591.18, a balance due from the defendant for work, labor and services in advertising for and at the special instance and request of the defendant.

The defendant, by its answer, denied this allegation. The plaintiff, on the trial, gave proof tending to establish an agreement between the parties to the effect that the plaintiff should do certain advertising for the defendant and be paid therefor in the tickets of defendant; that plaintiff did perform the work in advertising, and had received thereon a certain quantity of tickets, but leaving still due the amount stated in the complaint; that the plaintiff had demanded the balance of the bill from the defendant in tickets, but the demand was refused. The plaintiff claimed that these facts established a money indebtedness from the defendant. The rule in this state seems to be that where a party agrees to pay a specific sum, or, as in this case, the value of the services in some specific articles of property, and upon demand refuses or fails to deliver the property, his obligation is thereby converted into one for the payment of money. (1 Sedg. on Dam. [8th ed.] § 280; *Gleason* v. *Pinney,* 5 Cow. 152; *Smith* v. *Smith,* 2 Johns. 235; *Brooks* v. *Hubbard,* 3 Conn. 58.) There was some conflict in the evidence as to the facts, but the court submitted all the questions to the jury, and the verdict must be taken as establishing in plaintiff's favor the performance of the work at the price alleged, the agreement to pay in tickets and the refusal to do so, and the consequent obligation to pay in money.

The only point urged by the defendant in support of the appeal which it is necessary to consider is the contention that the plaintiff set out in the complaint one cause of action and recovered upon another and different cause of action. The plaintiff has stated the facts constituting the cause of action, not as they actually existed, but according to their legal effect. In most cases either mode of pleading, at the option of the party, is correct. (*Bennett* v. *Judson,* 21 N. Y. 238; *Far-*

ron v. *Sherwood*, 17 N. Y. 227; *Barney* v. *Worthington*, 37 N. Y. 116.)

In pleading facts according to their legal effect it may sometimes happen that the opposite party is left in the dark as to the proof which he may be required to meet at the trial, but, ordinarily, this difficulty can be avoided by motion, when necessary, to make the pleading more definite and certain.

In this case, if the defendant had any doubt as to the identity of the claim that it was required to defend, a simple demand for a bill of particulars or a motion would make everything clear. The material part of the complaint was the allegation of a money indebtedness by defendant to plaintiff and that allegation was supported by proof of the agreement to perform the work, for payment in tickets, the performance of the work, and the refusal to deliver the tickets. In other words, the fact pleaded according to its legal effect was proved by proof of the facts as they existed. So there was no variance that the defendant can complain of. The other questions discussed relate to the proof given. It is not very clear, but its sufficiency and interpretation was for the jury.

The judgment must, therefore, be affirmed.

All concur.

Judgment affirmed.