CHARLES HENRY BUTLER, Respondent, *v.* THE MAIL AND EXPRESS
PUBLISHING COMPANY, Appellant.

*Agreement to pay a judgment, recovered for a breach of a contract to furnish adver-*
*tisements — validity of receipts given in consideration thereof entitling the debtor to*
*future advertisements — measure of damages.*

A publishing company obtained a judgment against one Butler founded upon
the breach of a contract to furnish advertising matter for its newspaper in a
sum equal to the amount of the judgment. Prior to the entry of judgment,
but after Butler's default was complete, an agreement was made between the
parties by which Butler obligated himself to pay $100 a week until the judg-
ment was discharged and by which the publishing company obligated itself to
apply each payment upon the judgment and also to deliver to Butler a receipt
entitling him to publish advertisements in the newspaper in a sum equal to the
amount of the payments. Butler made payments under the agreement to the
full amount of the judgment and in each instance received from the publishing
company a receipt for the money applied on the judgment and also a receipt
entitling him to $100 worth of advertising matter. Pursuant to the agreement
the publishing company published some of the advertisements furnished by
Butler but refused to publish others.

In an action brought by Butler against the publishing company to recover the
amount of twenty-nine receipts of $100 each which the publishing company
had agreed to pay in advertising, it was

*Held,* that the compromise agreement placed the parties in the same position as if
the contract, upon the breach of which the judgment was founded, had been
performed and no judgment recovered;

That the fact that the publishing company could have enforced the judgment,
without giving Butler an equivalent in advertising space, did not render the
contract void for want of consideration, the independent contract having been
fully executed by Butler;

That as no question was raised upon the trial as to the measure of damages the
parties must be considered as having stipulated that the sums represented by
the receipts measured the extent of the plaintiff's right to recover.

APPEAL by the defendant, The Mail and Express Publishing
Company, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of New
York on the 28th day of December, 1899, upon a general verdict
directed by the court upon special findings made by a jury, and also
from two orders respectively entered in said clerk's office on the
19th and 21st days of December, 1899, denying the defendant's
motion for a new trial made upon the minutes.

*William Irwin*, for the appellant.

*John M. Gardner*, for the respondent.

HATCH, J.:

The facts which furnish the basis of liability in this case are somewhat involved, and the agreement which was made between the parties is somewhat obscure, but the execution of the arrangement which was made whether in words or acts is reasonably clear. It is undisputed that the defendant held a judgment against the plaintiff and George C. Holt in a sum exceeding $6,000. This judgment was founded upon a breach of contract in failing to furnish advertising matter for the defendant's newspaper in a sum equal to the amount for which judgment was recovered. Plaintiff and Holt were guarantors upon this contract, and when there was breach of it defendant brought action thereon. The plaintiff and Holt interposed no defense to the action. It is clear, therefore, that defendant was not required to publish the advertising matter required by the contract as such advertising was not furnished, and its right to recover seems to have been founded purely upon this breach. The defendant stood, therefore, in this relation : If the contract had been performed, its columns would have been filled with advertising matter equal in amount at prescribed rates to the sum represented by the judgment; not being fulfilled, it became entitled to recover as though it had published the advertisements; and this view sheds light upon the subsequent acts of the parties.

Prior to the entry of judgment, but after the plaintiff's default was complete, an agreement of compromise was made by which the plaintiff obligated himself to pay $100 a week until the sum due and unpaid upon the judgment should have been discharged, and upon such payment the defendant obligated itself to apply such sum upon the judgment, and also to deliver to the plaintiff a receipt entitling the plaintiff to publish advertisements in the defendant's newspaper at prescribed rates in a sum equal to the amount of the payments, the only condition being that the advertisements furnished by the plaintiff should be approved by the defendant, and that they should not be advertisements from existing advertisers in the defendant's newspaper. This agreement, with some modification, was fully executed by the plaintiff, and partially executed by the defendant.

The plaintiff made payments thereunder to the full amount of the sum represented by the judgment, and the defendant published some of the advertisements which were furnished by the plaintiff, and in each instance the defendant gave to the plaintiff a receipt for the money applied upon the judgment, and also a receipt entitling him to $100 worth of advertising matter pursuant to the agreement.

Prior to the commencement of this action the defendant had issued to the plaintiff 29 receipts of $100 each to be paid in advertising, but upon tendering to the plaintiff advertising matter, which in all respects answered the requirements of the contract, the defendant refused to publish such matter in its columns, and thereupon the plaintiff brought this action, claiming to be entitled to recover the sum represented by the several receipts and interest thereon.

It is claimed by the defendant that this arrangement simply operated as payment on the judgment, and that inasmuch as the receipts *pro tanto* represented the sum due upon the judgment, which the plaintiff was already obligated to pay, there was no consideration for the promise of the defendant to furnish the advertising space and consequently no liability was incurred by the receipts which it gave.

We do not think that this contention can or ought to be sustained. As we have seen, the contract upon which the judgment was founded provided for the publishing of advertising matter in a sum equal to that represented by the amount of the judgment. There was a failure to furnish such advertising matter, and the agreement which the plaintiff subsequently made was in effect a contract that upon payment of a certain specified sum the defendant would give an equivalent in advertising matter, and also apply an equal sum in reduction of the judgment, the purpose evidently being upon the part of the defendant, as was understood by the plaintiff, to secure for its columns advertising matter at a given rate, represented by a proportionate discharge of the judgment and the payment for space; in other words, it sold so much space of its newspaper for a given sum.

Had the plaintiff agreed to furnish advertising matter and the defendant to publish the same for a sum equivalent to the proportionate payment upon the judgment and the sum paid in cash at specified rates for space, it would not be contended but that such

agreement would be binding upon each party, and especially binding upon a defaulting party after it had been executed by the other. Indeed, the arrangement in this case was not other or different than the agreement upon which the judgment was founded, for in that case if the advertising matter had been furnished and paid for, the defendant would have been bound to publish, and there would have been no judgment.

In the last analysis, therefore, the agreement was a mere arrangement for compensation for furnishing advertising matter to the defendant for its newspaper, and the payment of the judgment was an incident thereto as a part of the compensation for procuring the advertisements. If it be considered that the defendant had the right to enforce its judgment for the full amount without regard to the arrangement which was made it would not defeat this recovery. In the present case the parties entered into an independent agreement, plaintiff has fully executed it, the defendant has received all the benefits and now seeks in part to repudiate the obligation. If the contract lacked original consideration to support it, nevertheless its execution is sufficient upon which to found liability. (*McKenzie v. Harrison*, 120 N. Y. 260.) But the contract, as we have seen, is not subject to any such infirmity. The agreement was to furnish advertising and to receive pay therefor according to a stipulated method ; and this having been fully executed by the plaintiff he becomes entitled to recover. No question was raised upon the trial as to the measure of damages, and consequently no such question is before us. The parties must be regarded as having stipulated that the sums represented by the receipts measure the extent of plaintiff's right to recover so far as this case is concerned. In addition this measure of damages is probably correct. (*New York News Publishing Co. v. National Steamship Co.*, 148 N. Y. 39.)

No exception was taken to the admission of testimony which requires discussion. The parties themselves testified fully and without objection to the elements constituting the agreement, and if some of the objections interposed are technically correct the defendant was not prejudiced by the rulings. The court submitted four questions to the jury upon which they were required to find a special verdict. No objection was taken to the submission in this

form or to its propriety. The questions answered fully every fact which was essential to the determination of the questions involved and the rights of the parties.

We think the judgment below correct. It should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.