(77 App. Div. 329.)

## ZIMMERMAN v. MEYROWITZ.

(Supreme Court, Appellate Division, First Department.   December 12, 1902.)

1. PLEADING—FRIVOLOUS ANSWER—ARGUMENT.

Where 10 pages of brief are submitted in support of an order striking an answer from the files as frivolous, argument is required to show the frivolity, within the rule that, where that is the case, a frivolous answer may not be so stricken.

2. SAME—SHAM ANSWER—WHAT CONSTITUTES—STRIKING FROM FILES—PRO-PRIETY.

An inventor sued a manufacturer for royalties.   The manufacturer answered that he had been induced to contract by the inventor's representations that his invention was practical, had been thoroughly tested, and was valuable, all of which were false.   *Held* that, as the answer averred a defense, the court could not resort to a previous answer, in which a test by the manufacturer had been alleged, in order to declare the present answer false and to strike it out as a sham.

3. SAME.

The previous answer had averred that the invention had been tested in the presence of the manufacturer's agent, and a defect disclosed which the inventor declared was due merely to defective construction, which representation the agent believed.   *Held*, that as this pleading had not averred a test which would preclude the manufacturer from the defense of false representations, but had only alleged an additional false representation, it was error to strike out the present answer because of its omission of the averment as to the test.

Appeal from special term, New York county.

Action by Charles L. Zimmerman against Emil B. Meyrowitz. From a judgment adjudging defendant's answer to be a sham, and awarding judgment to plaintiff upon the remainder of the amended answer for the relief demanded in the complaint, and also from the order striking out the defense contained in the answer and directing judgment for the plaintiff (69 N. Y. Supp. 800), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

John L. Hill, for appellant.

J. Noble Hayes, for respondent.

HATCH, J.   It appears from the proceedings had before the learned court at special term that he adjudged that a part of the answer was sham and the remainder frivolous, and thereupon ordered the same stricken out, and awarded judgment.   The practice is well settled that frivolous pleadings may not be stricken out if any argument is required to show the frivolity.   Cook v. Warren, 88 N. Y. 37.   In this case we have but to refer to the 10 pages of brief, submitted by the respondent in support of the order, in order to deter-

mine that an argument was necessary to demonstrate its character. A sham answer may not be stricken out, except that its falsity be made to appear beyond a reasonable doubt. In the present case we do not think it appears, but, on the contrary, if its averments be true, a good defense is disclosed therein, and no basis exists for holding that the answer is false.

By the record the following facts are disclosed: The plaintiff was the inventor of an acetylene gas lamp, which he desired to sell or procure to be manufactured. For this purpose the parties entered into a contract whereby the plaintiff agreed to give to the defendant the exclusive right to manufacture and sell said lamp in the United States, and the defendant agreed to pay therefor a certain royalty. The defendant having failed to fulfill the contract by manufacturing and selling the lamps, an action was brought to recover the royalty therein reserved. The defendant answered by averring that he was induced to enter into the contract by reason of false and fraudulent representations made by the plaintiff to the effect that said lamp was in all respects practical, had been thoroughly tested, and other matters showing that the invention was practical and valuable. The answer then proceeded to negative these statements by averring that the said lamp would not work, that it was not practical, and that it could not be made to perform what the plaintiff had stated and represented it would do, and that it was wholly useless. This answer also contained an averment in the following language, after stating the representations made by the plaintiff:

"That defendant's agent then tested said lamp thus exhibited, but it was immediately apparent that the illuminating jet was defective, seeing which plaintiff declared that that difficulty was owing wholly to a defective burner, —a statement which seemed probable, and which defendant's said agent believed to be true; that no further test was then made, nor was the same practical at any time, because it would require practical use of the lamp, having sufficient length of time to determine, first, that the illuminating jet could be controlled and adjusted according to said representation; and, second, if the lamp was satisfactory in other respects, then if the valve itself and other apparatus would continue to perform its work when applied in practical use."

To this answer the plaintiff demurred as being insufficient upon its face to constitute a defense, and thereupon defendant served an amended answer, which was held bad on demurrer, and leave was given to plead over. Thereupon the defendant served the present answer, omitting the counterclaim, and also omitting the averment contained in the former pleading to the effect that a test had been made, but otherwise averring, in substance and effect, the false and fraudulent representations that the lamp had been thoroughly tested, been found safe, and would work practically for the purposes for which it was intended; then avers the false character of such representations, that the defendant relied thereon, and that he would not have entered into the contract had he known of such defect.

The motion to strike out as sham was granted upon the ground that the defendant had deliberately suppressed the fact that a test had been made at the time false representations were made, in consequence of which the pleading was false. If the present answer

averred matters which would constitute a defense to the action, then it could not be stricken out as sham, even though matter had been omitted therefrom which was material to the defendant, or of which only a part had been averred.    The pleading, as served, avers a material representation as an inducing cause to the entering into the contract, viz., that the defendant represented that he had thoroughly tested the lamp, and that it would work practically and was valuable. This was the inducing cause which prompted the defendant to enter into the engagement, and if it was false it would avoid the contract. The answer avers reliance on the representations and negatives their truthfulness.    This, if proved, is a good defense, and under the pleadings the testimony is admissible.    New York News Pub. Co. v. National Steamship Co., 148 N. Y. 39, 42 N. E. 514; Bank v. Sherman, 33 N. Y. 69.

Assuming, however, that the court was justified in examining the first pleading in order to determine whether there had been a deliberate suppression of a material fact which would render the answer sham, we think that such examination not only failed to disclose such fact, but that it also constituted matter of defense.    What is therein called a "test" was a statement of what was done, and it appears from the entire allegation that it was insufficient in character for the defendant to determine whether any defect existed in the lamp or not. It is to be presumed that the defendant was without information upon the subject, and the plaintiff was possessed of full knowledge. When the lamp failed to work in the test to which it was then subjected, as averred in the pleading, the plaintiff attributed the defect to a cause quite independent of the practical working of the lamp and its valves; and if this be true, as we are bound to assume it was, then it necessarily follows that such statement and representation was as misleading and false as was the representation that the plaintiff had tested the lamp, and that it would work practically. Instead, therefore, of being a test which would conclude the defendant from thereafter raising any question as to the falsity of the representations in respect thereto, it constituted an additional misrepresentation, as misleading and damaging to the defendant as any other, and, if established upon the trial, would defeat a recovery for the royalties sought to be recovered in the action.    In no view, therefore, was the court justified in striking out this answer as sham.

It follows that the order and judgment based thereon should be reversed and set aside, with costs and disbursements to the appellant.    All concur.