## MURPHY v. DERNBERG.

(Supreme Court, Appellate Division, Third Department.   May 6, 1903.)

1. CONTRACTS—IMPLIED TERMS—TIME OF PERFORMANCE.
      Plaintiff sold whisky to defendant, who paid half of the price in cash, and agreed to pay the balance in horse hire to plaintiff's agent, who was engaged in selling whisky through that neighborhood.   *Held*, that the law would infer that such horse hire was to be furnished and received within a reasonable time, at the place where the bargain was made and defendant kept his stable, and at the usual and reasonable prices charged for similar services.

2. SAME—EXPIRATION OF TIME—DECISION OF JUSTICE—EFFECT.
      Defendant thereafter removed his stable to a place 11 miles distant, thus practically disabling himself from performing the contract on his

part, and plaintiff recovered a money judgment before a justice for the balance of the purchase price. *Held* that, while it did not appear that a demand for the horse hire had been made by plaintiff up to the time of defendant's removal, the decision of the justice was equivalent to a finding that a reasonable time in which plaintiff could demand the hire had not then expired, which conclusion should not be reversed on appeal.

3. SAME—DEMAND OF PERFORMANCE—NECESSITY.
Defendant having voluntarily put it out of his power to pay for the whisky as he agreed, a demand by plaintiff for horse hire at defendant's former place of business was not necessary, and defendant became liable to pay the balance of the purchase price in money.

4. SAME—TERMS OF CONTRACT—EVIDENCE—SUFFICIENCY.
Defendant testified that plaintiff's agent knew when he sold defendant the whisky that the latter intended to move, but did not testify that anything was said between the parties on the subject, or that the agent knew when or to what place he intended to move. *Held* too indefinite to warrant the inference that they contracted with reference to defendant's removal.

5. JUSTICE'S COURTS—APPEAL—NEW TRIAL.
Under the express provisions of Code Civ. Proc. § 3063, the County Court had no power on appeal from the justice's decision to order a new trial; the decision not being against the weight of evidence.

Appeal from County Court.

Action by John M. Murphy against Andrew D. Dernberg. From a judgment of the County Court reversing a judgment of a Justice's Court in plaintiff's favor, plaintiff appeals. Judgment of County Court reversed, and judgment of Justice's Court affirmed.

This action is brought in a Justice's Court to recover the balance due for one-half barrel of whisky sold by the plaintiff through his agent to the defendant. The defendant was a hotel keeper, living in the city of Rensselaer, and in January, 1901, purchased the whisky under the following agreement: The whisky was to be delivered to him at Rensselaer, at the price of $61.88, and he was to pay one half in cash, and the other half in horse hire to the plaintiff's agent. Nothing was said as to when or where the horses were to be furnished. At that time the defendant was running a livery stable in connection with his hotel, and the plaintiff's agent was in the habit of traveling to Rensselaer and the adjacent neighborhood in his business of selling whisky for the plaintiff. The defendant paid one-half or more of such purchase price in cash. About April 1, 1901, the defendant removed to Eagle Mills, which is about 11 miles from Rensselaer, and about 4 miles from Troy, the nearest railroad station, and there continues to keep a hotel and livery stable. Of the other half there was $24.94 unpaid when he so removed, and this action is brought to recover that amount. The plaintiff recovered before the justice. The County Court, on appeal, reversed such judgment, without costs, and ordered a new trial before the same justice. From such judgment of reversal this appeal is taken. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Charles I. Webster, for appellant.
John F. Manson (Geo. M. True, on the brief), for respondent.

PARKER, P. J. The defendant concedes that he received the whisky from the plaintiff, and agreed to pay one-half the purchase price thereof, viz., $30.94, in horse hire. At that time he was keeping a livery stable in Rensselaer, which is a railroad center, and the plaintiff's agent from time to time needed the use of a horse and carriage in his business of selling whisky through that neighborhood.

Inasmuch as no time was limited, by the terms of the bargain, in which the horse hire should be furnished, nor prices agreed upon, nor place ·specified, the law infers that it was to be furnished and received within .a reasonable time, and at the place where the bargain was made and the defendant then kept his livery stable, and at the usual and reason-.able prices charged for similar services. It does not appear that any ·demand for such hire had been made by the plaintiff up to the time of the defendant's removal from Rensselaer, but the decision of the justice is equivalent to a finding by him that a reasonable time to furnish the same had not then expired, and such conclusion should not be re-versed on appeal. The defendant, then, while still obligated to furnish ·the horse hire at Rensselaer, removed himself· and his stable to a .place 11 miles distant, and 4 miles distant from any railroad station; thus practically disabling himself from performing the contract on his ;part.

There is no pretense that he still maintained the ability to perform -at Rensselaer, because, after the removal, when discussing the subject ·of the plaintiff's claim with the plaintiff's attorney before this action was commenced, the defendant said he was willing to meet the plain-tiff's agent on notice at Troy, but he would not do so for the same prices that he did at Rensselaer. Thus he sought to substitute a new :arrangement for the contract in question, and evidently one that the ;plaintiff was under no obligation to accept.

By thus voluntarily putting it out of his power to pay for the whisky ·as he had agreed to do, and breaking his contract in such respect, a demand by the plaintiff for the horse hire at Rensselaer was not nec-·essary (Crist v. Armour, 34 Barb. 378; 9 Am. & Eng. Ency. of Law [2d Ed.] 210); and the defendant became liable to pay the amount still ·owing plaintiff in money (N. Y. News Publishing Co. v. National Steamship Co., 148 N. Y. 39, 42 N. E. 514).

The defendant on the trial testified: "I know that the agent of the ·plaintiff knew three months before I moved that I was going to move; ·that he knew when he sold me the whisky that I was not going to stay ·in the place where I then was;" and from this he argues that no im-·plication arises that the ·contract was to be performed in Rensselaer. But the defendant does not testify that anything was said between the parties on that subject, nor that the agent knew where he was going, nor when he intended to move. Such a statement is altogether too indefinite to warrant the inference that they contracted with reference ·to the fact that the defendant was going to "Eagle Mills," and that the performance must be had there instead of at Rensselaer, and, unless ·it raises that inference, it is insufficient to affect the plaintiff's right to ·demand performance at the place where they were then contracting.

Moreover, if it be conceded that such evidence is, in effect, that the ·agent knew he was going to Eagle Mills, and contracted with ref-·erence to his furnishing the horse hire there, the justice was fully justi-fied in disbelieving so incredible a story. ;I conclude that the de--cision of the justice was correct. Concededly, the defendant still owed $24.94 upon the whisky which had been delivered to him. He had put it out of his power to pay for it in "horse hire," as contemplated by the ·contract, and so he was liable to pay for it in cash.

The County Court had no authority to order a new trial, unless the judgment in the court below was against the weight of evidence. See Code Civ. Proc. § 3063. Evidently, such judgment is not against the weight of evidence, but, on the contrary, is supported by it. I conclude that the judgment of the County Court should be reversed, and that of the Justice affirmed.

Judgment of the County Court reversed, and that of the Justice's Court affirmed, with costs to the appellant in the County Court and in this Court. All concur; KELLOGG, J., in result.