### FLECK v. FRIEDMAN.

(Supreme Court, Appellate Term.　January 17, 1906.)

1. PLEADING—INDEFINITENESS—REMEDY—MOTION—BILL OF PARTICULARS.

Where a complaint for services stated the facts according to their legal effect, but was vague and indefinite, defendant's remedy was by motion to make the complaint more definite and certain, or by a demand for bill of particulars, and not by demurrer.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 409, 1174.]

2. MASTER AND SERVANT—ACTION FOR SERVICES—COMPLAINT.

In an action to recover for services completely performed, plaintiff was not bound to allege the time within which performance was made, in anticipation of a defense that performance was made out of season.

Appeal from City Court of New York, Trial Term.

Action by Charles I. Fleck against Robert Friedman. From a judgment of the New York City Court in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, BLANCHARD, and DOWLING, JJ.

Abraham Oberstein, for appellant.

Shapiro & Shapiro, for respondent.

BLANCHARD, J. This is an appeal from a judgment dismissing the complaint, on the grounds that it does not state facts sufficient to constitute a cause of action. Omitting the formal matters, the complaint alleges as follows:

"(2) That at the special instance and request of the defendant, the plaintiffs performed certain services, and it was agreed that upon the performance of such services by the plaintiffs for the defendant the defendant would pay the plaintiffs the sum of $1,000. (3) That such services were performed by the plaintiffs in behalf of the defendant. (4) That no part of said sum of $1,000 agreed to be paid by the defendant to the plaintiffs upon the performance of such services has been paid by the defendant to the plaintiffs, and the same is now due and owing from the defendant to the plaintiffs."

The complaint states the facts according to their legal effect, and is vague and indefinite. This difficulty, however, cannot be reached by a demurrer, but only by a demand for a bill of particulars, or a motion to make the complaint more definite and certain. N. Y. News Pub. Co. v. National Steamship Co., 148 N. Y. 39, 41, 42 N. E. 514. The failure to state the time within which performance was made, upon which the trial court rested its dismissal of the complaint, was not a defect in stating the cause of action. Pope v. Terre Haute Car & Mfg. Co., 107 N. Y. 61, 13 N. E. 592, upon which the trial court relied, is inapplicable to the present case. There action was brought for breach of an executory contract, the performance of which on the part of the plaintiff had been prevented by the conduct of the defendant. In stating his cause of action therefor, the plaintiff in that case was bound to excuse his own nonperformance, and to state in sufficient detail the time of his own offer of performance, in order to show his readiness to perform according to the terms of the contract.

In the present case action is brought to recover for services completely performed, and it is improper to require the plaintiff to insert in his complaint, the details of time of performance, in anticipation of a possible defense that performance was made out of season.

Judgment reversed, and new trial ordered with costs to appellant to abide the event. All concur.