found in section 1743 of the Code, which simply declares that a person who "had not attained the age of legal consent" may maintain an action for annulment of marriage. The meager language of this section makes it obvious that it must be read in connection with section 1742 and other existing statutes.

Section 1743 is available to either a man or woman under the age of legal consent, and section 1742 only to a woman under 16 years of age. If an annulment of marriage contracted by a girl under 16 years of age may not be decreed where the marriage took place with the consent of the parents, it follows that the Legislature must have intended that an annulment may not be granted in the case of an infant above 16 years of age and under 18 years of age, where the consent of parent or guardian of the infant to the marriage had been obtained. The legislative intent, as above indicated, is further evidenced by the provisions of the domestic relations law relative to marriage licenses above quoted, expressly permitting the issuance of a license to marry to a woman under 18 years of age, where the consent of parents or guardians is obtained. It follows, therefore, that the plaintiff is not entitled to an annulment of her marriage.

Independently of the foregoing conclusions, and in view of the apparently increasing number of suits for the annulment of marriages contracted under the age of legal consent, I deem it proper to state that the proof of the age of the plaintiff in this case is unsatisfactory, resting as it does upon the uncorroborated testimony of the interested witnesses, and without any record evidence. The complaint is dismissed.

Complaint dismissed.

---

(65 Misc. Rep. 51.)

AKTIENGESELLSCHAFT ARNOLD B. HEINE & CO. v. NEWMARK.

(Supreme Court, Appellate Term. November 12, 1909.)

PLEADING (§ 359*)—STRIKING OUT AS SHAM.

An affirmative defense, duly verified, cannot be stricken out as sham, unless defendant's own affidavits show the verified answer is false.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

Appeal from City Court of New York, Special Term.

Action by the Aktiengesellschaft Arnold B. Heine & Co. against Solon H. Newmark. From an order striking out as sham a defense to the second cause of action in the complaint, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Hutter & Fruchthandler, for appellant.

Walter N. Seligsberg, for respondent.

PER CURIAM. The defendant appeals from so much of the order of the court below as strikes out the second defense contained in the answer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action is upon a promissory note. The defense which has been stricken out as sham pleads that the note is without consideration. An affirmative defense, when duly verified, cannot be stricken out as sham, unless the defendant's own affidavits show that the verified answer is false.

The part of the order appealed from is reversed, with $10 costs and disbursements.

---

(65 Misc. Rep. 52.)

FRANK PRESBREY CO. v. I. MILLER, Inc.

(Supreme Court, Appellate Term. November 12, 1909.)

PRINCIPAL AND AGENT (§ 123*)—AGENCY AS TO THIRD PERSONS.

Where there was no other proof to show in whose behalf a person acted and from whom he obtained authority to direct a change in the location of an advertisement in a newspaper, except that his name was mentioned in the order for the advertisement, stating that that and future business was to be credited to him, and that defendant, subsequent to acceptance of the order, paid for the advertisement in another publication as provided in the order, it was wholly insufficient to show that he was clothed even with apparent authority to change the terms of the order, and plaintiff, in accepting the order as changed, acted at its peril.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 420; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Frank Presbrey Company against I. Miller, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Leon Laski, for appellant.

Frederick H. Denman, for respondent.

SEABURY, J. This action was brought to recover $39, alleged to be the balance due under a contract. The defense was nonperformance. The defendant sent plaintiff the following order:

"New York, November 25, 1908.

"Messrs. Frank Presbrey Co., No. 3 East 29th St., New York—Gentlemen: Enclosed I hand you copy for my first advertisement, this and future business to be credited to Thomas B. Richardson. Please insert this adv., not to exceed cost of $40, on front page or society news page of the Herald, Nov. 29th, Sunday; also same adv. to occupy ⅛ page in next week's issue of Vogue. If this advertising gives indication to warrant continuance, it is my intention to go further.

"Very truly yours.

"P. S. Please submit proofs."

The advertisement directed to be inserted in Vogue was inserted and paid for. The advertisement directed to be inserted in the Herald was inserted, but has not been paid for by the defendant. Payment was resisted upon the ground that the advertisement was not inserted on the "front page or society news page," as called for by the contract.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes