(77 Misc. Rep. 649.)

### SHAPE v. SHAPE et al.

(Supreme Court, Special Term, New York County.   September 9, 1912.)

1. PLEADING (§ 360*)—MOTION—STRIKING OUT SHAM DEFENSE.
    Where affidavits submitted to support a motion to strike out as sham an affirmative defense are contradicted by defendant's verified affidavits, so that the falsity of the defense does not appear beyond a reasonable doubt, the issues raised by it should not be tried on the affidavits, but should be disposed of by a jury.   .
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. § 360.*]

2. PLEADING (§ 9*)—SUFFICIENCY OF ALLEGATIONS—CONCLUSIONS FROM FACTS PLEADED.
    It is not necessary to allege in terms that a transaction was usurious, if facts which amount to usury are stated with sufficient certainty; and an affirmative defense, alleging that defendant was to pay interest at the rate of 20 per cent. per annum, and afterwards at the rate of 14 per cent., sufficiently sets up usury.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 29; Dec. Dig. § 9.*]

Action by William H. Shape against Robert L. Shape and others, individually and as a copartnership, etc. On motion to strike out as sham an affirmative defense set up in the answer. Motion denied.

Katz & Sommerich, of New York City, for plaintiff. .

Putney, Twombly & Putney, of New York City, for defendants Shape and Bready.

Swan & Moore, of New York City, for defendant Wilson.

GIEGERICH, J.   The plaintiff seeks to strike out as sham an affirmative defense set up in the second paragraph of the answer

of the defendants Robert L. Shape and George L. Bready, and in the second and third paragraphs of the answer of the defendant Edward A. Wilson, that the note in suit, which is the last of a series of notes, each in renewal of the other, given in consideration of a loan of $10,000 made by the plaintiff to the defendants, was made and delivered upon the express understanding and agreement that the defendants were to pay to the plaintiff interest upon said loan of $10,000 at the rate of 20 per cent. per annum, and afterwards at the rate of 14 per cent. per annum, and that the total amount paid to the plaintiff in pursuance of said agreement is $7,616.74.

The affidavits submitted in support of the motion allege that the said answers are absolutely false, and that the said affirmative defense is a sham defense, and is interposed solely for the purpose of delaying the plaintiff in securing judgment on the promissory note of the defendants and enforcing such judgment; that the $10,000 in question was invested with the defendants, and not loaned to them, as claimed by the defendants; that the said sum was placed with the defendants to be invested by them under a guaranty that the plaintiff would derive 20 per cent. profit, which was subsequently reduced to 14 per cent.; that such sum was placed with the defendants upon the express understanding that it was to be used in specific deals; that when the plaintiff placed money with them he received a promissory note, and that when the deal terminated they would render an account to the plaintiff and ask permission to reinvest the fund in some other deal. The opposing affidavits deny that the facts set up in the answers are false, but, on the contrary, allege that they are true. It is further alleged in the opposing affidavits that the loans made by the plaintiff to the defendants were evidenced by promissory notes for stated terms of three months, and which were renewed from time to time as the same became due; that by the terms of the agreement under which said notes were given the defendants agreed to pay, and did pay, interest at the rate of 20 per cent. per annum thereon, and during the period from on or about February, 1910, they agreed to pay, and did pay, interest at the rate of 14 per cent. per annum; that while all moneys received by the defendants from the plaintiff and divers other persons from the point of view of the party making the loan, might be considered investments, and while the loans are frequently referred to in the letters as investments, in no instance was any sum of money received from a particular party invested separately, as such, in the name and for the benefit of the party from whom it was received; that the moneys were, of course, employed by the defendants, but they were employed in their own name, and for their own benefit, the parties making the loans receiving as compensation for the use of the funds interest at the rates above mentioned; and that the said rates of interest were paid by the defendants without regard to any profits which they made during the period covered by the terms of said notes or whether the defendants made any profits during such period.

[1] I do not think it has been made to appear by the papers submitted that the affirmative defense in question is a mere pretense, set up in bad faith, for the purpose of vexation or delay. The defendants' answers are duly verified, and, as already shown, the opposing affidavits are contradictory of those filed on the part of the plaintiff. Under these circumstances, the issues raised by the affirmative defense should not be tried on affidavits, but should be disposed of by a jury. Albany County Bank v. Rider, 74 Hun, 349, 26 N. Y. Supp. 490; Central Bank v. Thein, 76 Hun, 571, 28 N. Y. Supp. 232; Zimmerman v. Meyrowitz, No. 3, 77 App. Div. 329, 79 N. Y. Supp. 159; Atkiengesellschaft Arnold B. Heine & Co. v. Newmark, 65 Misc. Rep. 51, 119 N. Y. Supp. 191. In Zimmerman v. Meyrowitz, supra, it was held that an answer cannot be stricken out as sham, unless its falsity be made to appear beyond a reasonable doubt. After considering all the papers submitted, I do not think that the falsity of the affirmative defense in the case at bar has been made to appear beyond a reasonable doubt.

[2] The plaintiff also contends that, since there is no statement in the defendants' answer that the agreement is intentionally usurious, the answer must be stricken out as insufficient and frivolous. It is not necessary, however, to allege in terms that the transaction was "usurious" or "corrupt," if facts which amount to usury are stated with sufficient certainty. Miller v. Schuyler, 20 N. Y. 522, 524. That such facts are so alleged appears upon a mere reading of the allegations of the affirmative defense.

Motion denied, with $10 costs to the defendants to abide the event. Settle order on notice.