ADDISON,
*January*,
1843.

R. & J. WAINWRIGHT *v.* CYRUS G. STRAW and WILLIAM CUNNINGHAM.

R. & J. Wainwright
*v.*
Straw & Cunningham.

A stove was sold for a given sum, payable in cattle or grain, at a future day. *Held*, that, after a breach of the contract, a recovery might be had upon a general count for goods sold and delivered.

To bring a case within the statute of frauds, it is necessary that the undertaking should be collateral to, and in aid of, the promise of another.

A note promising to pay J. & Wainwright a given sum in one from the first of October following the date, in cattle, or in grain the first of January following, was held void, for uncertainty.

A mere agent or servant, may be a witness for his principal, from public convenience and necessity.

THIS was an action of assumpsit, brought to the county court by appeal, in which the plaintiffs declared in two counts upon a note of hand, of which the following is a literal copy.

" For value received, we jointly and severly promis to
' pay J. & Wainwright or order, thirty eight dollars and
' fifty four cents worth cattle in one from the first of Oct. next,
' cattle over eight years, bulls and stags exemt, or merchble
' grain by the firs of January following, with use, payable at
' R. Russels now dwelling house."      CYRUS G. STRAW.

Richmond, May 5, 1838.      WM. CUNNINGHAM.

The first count declared on the note as payable to " the plaintiffs by the name of J. & Wainwright, in cattle in one year from the first day of October next after the date of said note, or in grain by the first day of January following."

The second count declared on the note as payable to " the plaintiffs, by the name of J. & Wainwright, in grain by the first day of January following the date of said note."

To these counts there was added a general count for goods sold and delivered.

Plea, general issue, and trial by the court.

The plaintiffs offered the deposition of Reed B. Brown, in which he testified that, in the months of April and May, 1838, he was an agent of Rufus & Jonathan Wainwright for the sale of stoves; that on the 5th of said May, William Cunningham & Cyrus G. Straw, came to him and said they wished to buy a stove for Straw, but that both would be responsible to R. & J. Wainwright for the pay ; that it was on their joint responsibility that he sold the stove ; that they

ADDISON.
*January,*
1843.

R. & J. Wain-
wright
*v.*
Straw &
Cunningham.

agreed to pay for the stove and pipe which he then sold them, the sum of $38.54 in cattle, in one year from the first day of October then next, cattle over eight years old and bulls and stags exempt, or merchantable grain by the 1st of January next thereafter ; that the note attached to said deposition and marked A. [see copy above] was written by the deponent and signed by said Straw & Cunningham in his presence, at that time ; that the note was intended to have been written according to the contract as thus stated ; and that he intended to have drawn it payable to R. & J. Wainwright. He further testified that he had no interest in the result of the suit.

The deposition was objected to by the defendants, but was admitted by the court. The court rendered judgment for the plaintiffs, on the general count, and decided that the note did not support the special counts in the declaration. The defendants excepted.

*E. D. Barber*, for the defendants.

1. The note offered in evidence did not sustain either of the special counts ; but it is a valid and subsisting obligation on which a recovery can be had, if declared on according to its legal effect ; or if declared on in its terms, the court will give it operation according to its legal effect. It is not void, as was the note in the case cited from D. Chip. R. See Chit. on Con. 79. n 1. If ·it is to be regarded as payable to a fictitious person, it may be declared on as a contract to pay to bearer. 3 Term R. 174.

2. The court erred, then, in permitting a recovery upon the common count for goods sold and delivered. If the deposition of Brown was properly admitted, it appears that no account was ever made of the stove, for which the note was given. The stove was exchanged for the note, which was received and treated as a payment ; and the recovery must be had upon that, if at all. Chit. Con. 593 ; *Kirslake* v. *Morgan*, 5 Term R. 513 ; *Stedman* v. *Gooch*, 1 Esp. 3 ; *Hutchinson et al.* v. *Olcutt*, 4 Vt. R. 549 ; Chip. on Con. 19, 20 ; Bray. 203.

If Straw's note would not, without an express agreement, have operated as a payment for the stove which was purchased for him, the procuring and giving the note of a third

person is a payment *per se.*	*Curtis* v. *Ingham,* 2 Vt. R.    Addison,
290; *Whitbeck* v. *Vanness,* 11 Johns. 409; 2 Esp. 571.    January, 1843.

3. But, laying the note out of the question, it appears that   R. & J. Wain-
the goods were delivered under a special contract, and the   wright.
general count, under the circumstances of the case, cannot   Straw &
be sustained,—    Cunningham.

*First.* Because, when goods have been sold and actually delivered under a special agreement, the general count cannot be sustained, unless the contract was to pay in money, and the credit has expired. 1 Chit. Pl. 338; *Musson* v. *Price,* 4 East. 147; *Brooke* v. *White,* 1 New. Rep. 330. And if the contract was to pay partly in money, and partly in goods, the general count cannot be sustained, if the term of credit has expired. 1 Chit. Pl. 338. *A fortiori,* if the contract was to pay wholly in goods, and in the alternative, the count must be special. 2 East. 2; Ibid. 4, note; 3 Term R. 531.

*Second.* Because the general count can only be sustained when the proof is adapted to it. It can never be allowed when, in truth, the goods were delivered under a special contract, and where the plaintiff proves that special contract, and might recover upon it with a special count. 2 Stark. Ev. 95–6, note 2; *Robertson* v. *Lynch,* 18 Johns. 456; *Robson* v. *Godfrey & Thomas,* 3 Com. L. 85. The special contract, as proved, being still in force, unrescinded, the claim must be damages for the breach of it; and the plaintiff cannot resort to the general counts. *Raymond et al.* v. *Barnard,* 12 Johns. 274; *Jennings* v. *Camp,* 13 Johns. 94; *Clark* v. *Smith,* 14 Johns. 326; *Russell* v. *S. Britain Society,* 9 Con. 508; *Shepard* v. *Palmer,* 6 Con. 95; *Vandenheuvel* v. *Storrs,* 3 Con. 202; *Way* v. *Wakefield,* 7 Vt. R. 223. The law will not *imply* a promise when there is an express one.

4. But the deposition of Brown was inadmissible,—1. Because it could not be used to explain the patent ambiguity in the note. 3 Stark. Ev. 1000; *Storer* v. *Freeman,* 6 Mass. 435; 2. Because it was not admissible to prove the terms of a written agreement; 3. Because the witness was interested. If the deposition of Brown was not admissible, there was no proof under the general count, except the note; and that was insufficient to prove the sale and delivery.

ADDISON, January, 1843.

R. & J. Wainwright v.
Straw & Cunningham.

5. Cunningham cannot be charged, under the general count, because his undertaking is a collateral one, and within the statute of frauds. If the note is treated as a writing to take the promise out of the statute, then the recovery must be upon the writing, and the count must be special. 1 Chit. Pl. 302.

If Brown's deposition is admissible, and the note is out of the question, then it appears that the stove was purchased for Straw, and Cunningham gave his parol promise to be bound with Straw for the pay. The rule, in such cases, is, that if the person for whose use the goods are furnished, is liable at all, any other promise, by a third person, to pay the debt must be in writing. *Elders* v. *Wakefield*, 7 Harris & Johns. 391 ; Rob. on Frauds, 208, 215 ; *Matson* v. *Wharon*, 2 Term R. 80 ; *Anderson* v. *Hayman*, 1 H. B. R. 120 ; 2 Stark. Ev. 595, n. 2 ; *Berkinge* v. *Darnell*, 1 Salk. 27 ; 2 Ld. Ray. 1085 ; 3 Salk. 15 ; *Leonard* v. *Vradenburgh*, 8 Johns. 29.

6. Cunningham was surety for Straw, and his undertaking was put into writing, and the recovery must be had on that, if at all, against him. *Miller* v. *Stewart et al.*, 9 Wheaton, 680 ; 5 Cond. R. 496. A surety cannot be made liable on the common counts. *Wells* v. *Gosling*, 8 Taunt. 737 ; 4 Com. Law. 264.

*O. Seymour*, for the plaintiff.

The note, in this case, being void, or ineffectual, through an omission, the plaintiffs may resort to proof of the original cause of action, and may recover on the general count in their declaration. *Brown* v. *Bebee*, 1 D. Chip. R. 227.

A plaintiff may, in all cases, when his declaration contains a count on a special agreement, coupled with a general count for goods sold, abandon his special count, after he has attempted to prove it, and failed, and resort to his general count. 2 Stark. Ev. 56 ; Buller's N. P. 139 . *Felton* v. *Dickinson*, 10 Mass. R. 287 ; 5 Mass. R. 391.; 1 Chit. Pl. 269 ; 3 Bos. & Pul. 582 ; *Dutton* v. *Solomonson*, 4 East R. 75 ; *Masson* v. *Price*, 4 Ib. 147 ; *Thatcher* v. *Dinsmore*, 5 Mass. R. 299 ; 6 Mass. R. 358 ; 11 Mass. R. 359 ; 1 Pick. R. 57, 119, 415 ; 7 Johns. R. 132 ; 4 Bos. & Pul. 351. 1 Esp. R. 5, 6 ; 7 Vt. R. 223 ; 11 do. 516.

The opinion of the court was delivered by

ADDISON,
January,
1843.

R. & J. Wainwright
v.
Straw &
Cunningham.

BENNETT, J.—This is an action of assumpsit, upon a special promise, and the declaration also has a general count. The recovery was upon the general count. The case has been defended with zeal and ability, and all has been made out of the defence, which the case was susceptible of, but the court are not convinced that there was error in the proceedings of the county court.

The deposition of Brown states, in substance, that both the defendants applied to him to buy a stove for Straw's use, and that the witness, as the agent of the plaintiffs, sold them one upon their joint responsibility, at a given sum payable in cattle at a given day, and if not paid in cattle, to be paid in grain in a given period thereafter. It is insisted, in argument, that the general action cannot be sustained, inasmuch as there was a special contract for the stove, payable either in cattle or in grain. It is to be remarked that the time of credit had expired before the suit was brought; and in *Way* v. *Wakefield*, 7 Vt. R. 223, it was held that the general action would well lie for a harness, sold at a given price payable in boards, after there had been a breach of the contract. This case is, I think, according to the current of English authorities; and must be regarded as settling the law in this state.

In the present case, the price of the stove agreed upon was so many dollars, and not for a given quantity of grain. The debt had not been paid in the property at the time agreed upon, and it had become absolutely a cash demand. After this, there seems to be no reason why the general action will not lie, as well as it would if the debt had been originally payable in money.

It is also objected that the contract, so far as Cunningham is concerned, is within the statute of frauds. To bring a case within the statute of frauds, it is necessary that the undertaking should be collateral to, and in aid of, the promise of another. But in the present instance, the promise of the defendants is joint. They both made the purchase, and upon their joint responsibility.

It is, also, said that the general action will not lie against Cunningham, as he stands but a surety for Straw. If such was the relation of the parties, there would be weight in the

ADDISON,
January,
1843.

R. & J. Wain-
wright.
v.
Straw &
Cunningham.

objection. But such is not the case. To create this relation the sale should have been made to Straw alone. The fact that it might have been for the individual use of Straw, is not sufficient to create the relation of principal and surety.

It is said that the note, given by the defendants, upon the sale of the property, precludes the general action. The note, if it may be called such, is payable to J. & —— Wainwright, with cattle in one — from the 1st of October next, or *merchble* grain by the first of January following. The uncertainty, appearing upon the face of this note, is such as to render it void. We cannot, by intendment, supply the name of *Rufus*, nor the word *year* after the word one. We might as well intend it payable in one month, as one year. The case falls within the principle of the case of *Brown* v. *Bebee*, 1 D. Chip. R. 227, in which it was held that a note, by which the defendant promised to pay the plaintiff sixteen ——— by the first day of May, then next, was a nullity. In such case, parol evidence cannot be received to give effect to the intention of the parties.

Besides, it is a principle of the common law, that one simple contract is not a merger of another; and it is held in New York, and this is probably the English law, that a negotiable note, is not a merger of the original cause of action, so as to preclude a right of recovery thereon, if the note is brought into court to be surrendered up.

It might seem that the case of *Hutchins* v. *Olcutt*, 4 Vt. R. 549, somewhat extended the doctrine of merger, but I am not aware of a case in which we have extended it to a note not negotiable. In the case before us, there was no evidence of any agreement, that the note should be received in satisfaction of the stove. No such fact is found by the county court.

Brown was clearly a competent witness, and his deposition properly admitted. It is a well settled principal, founded ded upon public convenience and necessity, that a mere agent or servant is a witness for his principal. Greenl. Ev. 459. In this light the deponent stood to the plaintiffs.

The judgment of the county court is affirmed.