SINGER MANUFACTURING COMPANY v. W. D. REEVES LUMBER COMPANY.

Opinion delivered June 13, 1910.

1. APPEAL AND ERROR—INSTRUCTION—NECESSITY OF MOTION FOR NEW TRIAL.—The correctness of the court's action in giving an instruction will not be considered on appeal if it was not made the ground of a motion for new trial.    (Page 365.)

2. SALES OF CHATTELS—BREACH—PROSPECTIVE PROFITS.—In an action by a vendee for breach of a contract to deliver saw-logs to be sawed into lumber the reasonable or usual rent or value of the use of the sawmill or machinery to be used in sawing such logs should be considered in estimating the profits of the vendee.    (Page 365.)

3. SAME—DAMAGES—PROFITS.—In an action by a vendee to recover damages for nonperformance of a contract to furnish saw-logs, the cost of sawing them into lumber should be deducted from the gross profits of the vendee in order to ascertain his damages.    (Page 365.)

4. SAME—DAMAGES—EVIDENCE.—In an action by a vendee to recover damages for the breach of a contract to deliver saw-logs, it was not error to refuse to permit the vendor to prove the expense of maintaining the vendee's office force, without showing what proportion of the vendee's expenditure for office force was used in running the sawmill, or that an increased office force would be needed in operating the sawmill while the vendee was engaged in sawing the logs in question.    (Page 366.)

5. SAME—DAMAGES—EVIDENCE.—In determining the damages suffered by the vendee by reason of a breach of a contract to deliver saw-logs, it was not error to refuse to permit the vendor to prove the value of the vendee's entire plant or the sum of money invested therein and the cost of insurance thereon, as such evidence is too general, and should be limited to the usable or rental value of the vendee's sawmill during the time necessary to saw the logs.    (Page 367.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*Percy & Hughes,* for appellant.

The burden of proof was on the Reeves Lumber Company to show its profits.  85 Wis. 174; 4 Ency. of Ev. 5; 123 S. W.

1034; 111 Fed. 98; 49 C. C. A. 244; 6 S. W. 765; 5 R. I. 299; 73 Am. Dec. 66; 26 Minn. 252; 2 N. W. 849; 25 Ga. 386; 79 Ga. 743; 8 S. E. 58; 45 Ill. 206; 26 Ill. App. 580; 38 N. Y. Super. Ct. 185; 44 Md. 268; 6 Bing. N. C. 212; 61 S. W. 273; 67 Mich. 454; 6 Minn. 319; 112 Ala. 436; 90 Mo. App. 518; 3 S. W. 689.

*Fink & Dinning,* for appellee.

The loss of profits is the damages recoverable. 116 Fed. 604; 130 Fed. 641; 110 U. S. 347; 153 U. S. 540; 75 U. S. 449; 8 Wall. 201; 71 Ark. 408; 6 S. W. 210; 43 S. W. 905; 3 L. R. A. 587; 121 U. S. 264; 48 S. W. 646. The alleged error in instructions is waived by not properly objecting. 56 Ark. 594; 60 Ark. 613; 50 Hun 108; 50 Ga. 350; 105 Ill. 122; 7 N. Y. S. 485; 88 Ark. 77; 49 S. E. 988; 68 Minn. 430; 71 N. W. 622; 66 S. E. 746; 48 So. 428; 72 Atl. 301; 87 N. E. 249; 62 Atl. 489; 107 Pac. 419.

HART, J. This was a suit upon a written contract by appellee against appellant to recover damages for an alleged breach thereof in failing to deliver a certain quantity of logs to be sawed into lumber. Both parties to the suit are corporations, and the contract in question was executed on the 24th day of February, 1908.

By the terms of the contract, appellant agreed to furnish to appellee about four million feet of gum logs to be sawed into lumber at a fixed price per thousand feet. After supplying appellee with 2,176,322 feet of saw logs, which appellee manufactured into lumber according to the terms of the contract, appellant failed and refused to deliver any more saw logs. Hence this suit. At the time the contract was executed, appellee was, and had been for several years prior thereto, engaged in the general lumber business at Helena, Arkansas. It owned and operated a sawmill and box factory and also a line of tow boats and barges engaged in towing rafts and hauling logs. These various enterprises were conducted under one management.

The case was tried before a jury, which returned a verdict for appellee in the sum of $6,351.33. To reverse the judgment rendered appellant has prosecuted this appeal.

From the brief of appellant we quote the following:

"The question of liability is no longer open to debate in this case. The verdict of the jury has settled that. We desire to submit to the court only the question of damages. The rule of damages announced by the trial court was this: That the plaintiff, if entitled to recover, might recover loss of profits in sawing and stacking the lumber made from logs not furnished, and agreed to be furnished."

The action of the court in giving this instruction was not made the ground of a motion for a new trial. Hence, according to the settled rules of this court, the question of the correctness of the court's action in giving the instruction is not presented to us for review. *St. Louis & S. F. Rd. Co.* v. *Fayetteville,* 75 Ark. 534; *Ince* v. *State,* 77 Ark. 418; *St. Louis, I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531; *Burris* v. *State,* 73 Ark. 453. Moreover, the correctness of the instruction is not questioned by counsel for appellant.

The only question presented for our consideration is the action of the court in excluding from the jury certain evidence which appellant contends should have been admitted as showing the cost of performing the contract on the part of appellee.

In discussing the items of costs to be allowed where the measure of damages is the profits to be derived from the contract, the Supreme Court of Minnesota said:

"When one party to an executory contract, like that on which this action is brought, refuses further to comply with it on his part, the other party has an immediate cause of action for said breach; and he may sue on it at any time and recover the damages which he may have sustained by being deprived of the benefits accruing to him under it.

"If he treat the contract as ended and sue immediately upon its breach, his damages are to be measured by the value of the contract to him at the time it was broken; and this value is estimated by the profits he would have realized during the continuance of the contract, had it been faithfully carried out by the parties. But, in estimating the profits which a party under such a contract would realize, allowance must be made for every item of cost and expense necessarily attending a full compliance on his part. If, therefore, the contract is for manufacturing a given article, and mills and machinery are necessarily employed in making it, the reasonable or usual rent or

value of the use of such mills and machinery enters into the cost of manufacture, and should be taken into consideration in estimating the profits, because the profits are as directly affected by such expenses as by any other." *Morrison* v. *Lovejoy*, 6 Minn. 354; *Dunn* v. *Johnson*, 33 Ind. 54, 5 Am. Rep. 177; *Heckley* v. *Steel Co.*, 121 U. S. 264; 13 Cyc., p. 54, and cases cited in note 70.

The price to be paid for sawing the logs into lumber and stacking the same was fixed by the contract at $6 per thousand feet, and the amount of logs which appellant failed to furnish amounted to 1,823,678 feet.

W. B. Reeves, the manager of appellee company, testified that he had been in the lumber business a great many years, and that the sawmill plant of appellee had a daily capacity of 60,000 feet. He stated that he had made a detailed report of the cost of one week's sawing gum. That this statement showed the expenses of a week's operation of the sawmill just after they commenced the performance of the contract in question. That the cost of sawing per thousand feet was $2.652. The items given by him are as follows:

1. Labor of sawing..........................$1.82
2. Labor trucking and stacking.............. .705
3. Oil, belting and rope..................... .06
4. Repairs, overhauling, etc................. .067

Total cost per M......................$2.652

He testified that the first item included all the laborers actually engaged in operating the sawmill, including the foreman. That the second item included the cost of all laborers engaged in bearing away the lumber after it was sawed and stacking it. That the third item included the cost of the oil, belting, etc., necessary to keep the sawmill in running order, and that the fourth item included the cost of overhauling the mill, making the necessary repairs, and keeping it in good condition. That the cost of each item was fixed at the cost which experience had shown them to be.

It is contended by counsel for appellant that these items do not include the total cost of operation. They first insist that the court erred in not permitting them to prove what amount

was paid the office force of appellee. The evidence offered was too general in its character. Appellee had introduced testimony tending to show the entire cost of manufacturing the logs into lumber. While it is obvious that appellant had a right to contradict this evidence by showing that other items of cost entered into the manufacture of the logs into lumber, yet it was necessary that this testimony should be of such a definite character as would assist the jury at arriving at a correct determination of the question. Appellant, in order to make such testimony competent, should either have offered to show what proportion of the expenditure of appellee for office force was used in running the sawmill, or that an increased office force would be needed in operating the sawmill while appellee was engaged in the performance of the contract in question.

It is next objected by counsel for appellant that the court erred in not allowing it to prove the value of appellee's plant or the sum of money invested therein and also the cost of insurance thereon. This assignment of error is open to the same objection as the preceding one. That is to say, the evidence offered was as to the cost or amount invested in the entire plant of appellee, and was too general. The jury could not from it have reached any satisfactory conclusion as to the cost or amount invested in the sawmill. Indeed, it is questionable if testimony of the amount of capital invested in the sawmill would be competent evidence in a case like this; for this is not a case where the end sought is to find out the net profits of a mercantile or other business of like character for a given period of time. In the present case, while appellee required machinery to enable it to perform its contract, it was not necessary for it to own such machinery. It might rent it. Hence, in ascertaining the profits, one of the elements of cost to be allowed might be the usable or rental value of the sawmill during the period necessary for the performance of the contract, and the amount of capital invested could not be taken into consideration in determining that fact. Appellee was the owner of its own sawmill plant at the time.

It is next contended by counsel for appellant that a calculation will show that the verdict of the jury was greater than that warranted by the evidence. This is conceded by counsel for appellee, and they offer to remit the excess.

The judgment will be modified to allow a recovery for $6,105.67, and the judgment, thus modified, will be affirmed.