LAWRENCE CONSTRUCTION COMPANY, COMPLAINANT, APPELLEE, *v.* HARNISCHFEGER SALES CORPORATION, DEFENDANT, APPELLANT.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

CRABTREE & CRABTREE, for complainant, appellee.

McDONALD & McDONALD, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This bill was filed to recover a liability of $3,360 alleged to have been incurred by defendant in complainants' favor in a transaction hereafter detailed. There was a decree for the complainants by the chancellor, affirmed by the Court of Appeals, and the writ of *certiorari* has been granted by this court.

As found by both lower courts, the defendant entered into a contract with the complainants whereby the former was to furnish to the latter a machine known as a P. & H. crane at a named price of $10,170, and was to receive in payment from complainant a machine known as a Little Giant crane at a named price of $3,360 and $6,710 to be paid otherwise. Both courts likewise found that the defendant had received and accepted the Little Giant crane but had refused to go on with the contract.

There was a great deal of controversy in the lower courts as to whether the contract between the parties was ever consummated and as to whether the defendant had accepted and taken over the Little Giant crane. An effort is made to renew these controversies in this court but we think they are settled by the concurrent finding of the chancellor and the Court of Appeals and we find evidence to sustain those findings. As we indicated to coun-

sel at the hearing, however, the recovery awarded to complainants did not seem to be justified by the record.

It is conceded that the complainants' Little Giant crane was a machine that had been in use. The bill sets out in some more detail the contract outlined above, the delivery to defendant of the Little Giant crane, and a repudiation of the contract by defendant. Continuing, it is said, ''Complainants therefore aver that defendant's obligation to pay complainants $3,360 for the Little Giant crane, allowing a negotiable credit for that amount in the purchase of its crane at a price of $10,070, became and is a money demand.'' The prayer is for a decree for $3,360 with interest and costs and for general relief.

We do not understand what the complainants mean by ''a negotiable credit,'' nor how that figures herein. Apparently this is a suit by complainants in the capacity of a seller for the price of goods where ''the property in the goods has passed to the buyer and that the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale.'' In such a case the seller may maintain an action against the buyer for the price of the goods. Code, section 7256, chapter 118, Acts of 1919, section 63 (1), Uniform Sales Act.

So far as we can see, this suit can not be maintained upon any other theory. What then was the price of the Little Giant crane under the contract between the parties? The defendant did not agree to pay the complainants $3,360 in money for this machine. The complainants were to be given a credit in this sum upon the price fixed by defendant on a new machine. The difference between a cash price and a trade in price is too marked and too familiar to require discussion.

In *Berkowitz Trucking Co.* v. *Bethelem Truck Co.*, 179 N. Y. Sup., 581, the plaintiff bought a truck from defendant at a named price of $1848.66. Defendant was to take in plaintiff's old car at a named valuation of $300 and plaintiff was to pay a balance of $1548.66 in cash and notes. Defendant breached its contract, although it seems in that case plaintiff retained its old car. The trial judge held plaintiff entitled to recover the difference between the market value of his old car and $300 but this judgment was reversed. The appellate court said that defendant did not agree to buy the old car for $300. The actual purchase price at which defendant agreed to sell its truck was $1548.66 plus the market value of plaintiff's old car. There was no evidence that the market value of the truck was greater than the sum last described and therefore no basis for damages.

So in the case before us, while the price of the Little Giant crane was fixed at $3,360, it was fixed at that figure for trading purposes. Such figure may or may not be a fictitious value. Upon defendant's breach of the contract, the complainants herein could have recovered the Little Giant crane. The record in fact shows that this machine was tendered to complainants, but complainants refused it. We think complainants are not entitled to recover more from the defendant than the market value of the Little Giant crane at the time of the delivery of this property to the defendant.

If we treat this suit as one by complainants in the capacity of the buyer of the P. & H. crane for damages for breach of contract by defendant to deliver that machine, complainants fail to make out a case to entitle them to a greater recovery.

Appearing in the latter aspect, the complainants would be entitled to recover the Little Giant crane turned over

to defendant on account of the contract or they would be entitled to recover the market value of that machine if it had been converted.

No damages are shown. The measure of damages would be "the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract. . . . Where there is an available market for the goods in question, the measure of the damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver." Code, section 7260, chapter 118, Acts of 1919, section 67 (2) (3), Uniform Sales Act.

Referring to the authority cited above, the contract price for the P. & H. crane was $6,710 plus the market value of the Little Giant crane. The proof fails to show that there was any difference between this sum and the market value of the P. & H. crane.

We must assume in this opinion that there is an available market for machines of this character. They are in every day use in all sorts of highway and construction work and there is no proof to the contrary.

The complainants rely on a line of cases holding that upon breach of an agreement to pay a certain sum in specified articles, the refusal converts the promise into a money obligation. *McKinnie* v. *Lane*, 230 Ill., 544, 82 N. E., 878, 120 A. S. R., 338; Wainwright v. Straw, 15 Vt., 215, 40 Am. Dec., 675; *Brooks* v. *Hubbard*, 3 Conn., 58, 8 Am. Dec., 154; *Haywood* v. *Haywood*, 42 Me., 229, 66 Am. Dec., 277; *Pinney* v. *Gleason* (N. Y.), 5 Wend., 993, 21 Am. Dec., 223, and others.

The complainants are on the wrong side of this controversy to invoke these decisions. If complainants had breached their contract to deliver the Little Giant crane, then the defendant upon delivery of the P. & H. crane might have by these decisions sustained a claim that complainants pay in money this $3,360 which they had refused to pay in kind. The cases cited apply the rule in favor of the creditor. Complainants are debtors with respect to this obligation to pay $3,360 in kind. It may be observed that complainants are not here suing for specific performance.

For the reasons stated, the decree of the Court of Appeals and of the chancellor will be modified and this cause be remanded for an accounting to the end that the complainants may have judgment against defendant for the market value of the Little Giant crane at the time and place of delivery to defendant. Complainants will pay one-third and defendant two-thirds of the costs of appeal. Costs below will be taxed by the chancellor.