## Plumbers Supply Co. v. Lanter et al.

Nov. 17, 1939.

524

E. H. Walton for appellant.

F. A. Harrison for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment for $500 entered on a jury verdict in an action by appellees against appellant for damages for breach of warranty in connection with the sale of a furnace installed by appellant in appellees' residence.

The furnace was sold and installed in the Fall of 1935 under a warranty that it would satisfactorily heat their residence, particularly that it would heat it to a temperature of 70 degrees in zero weather. The petition alleged that the furnace failed to heat the house and smoked to such an extent that appellee's furniture and wall paper were ruined so that they were compelled to sell their furniture and re-paper their house to their damage in the sum of $198. It was further alleged that appellant stated that approximately six tons of coal

would be required to heat the house during the winter when, as a matter of fact, appellees burned eighteen tons. Damages of $60 were sought on this account. Additional damages sought included $50 for numerous trips made by appellees to Lexington to see appellant's agent in the endeavor to get the furnace in proper working order and $20 paid to a radiation engineer for a set of plans showing the necessary furnace capacity and radiation to heat the house. The petition also sought to recover $100 damages on account of a new flue appellees were required to build, it being alleged that appellant represented that a flue in the house at the time of the installation of the furnace was a good flue and sufficient for the purpose.

The furnace smoked very badly during the first winter it was in operation and it appears that appellees made numerous trips to Lexington to see appellant for the purpose of having it put in proper working order, but were unable to get satisfaction. They filed this action against appellant on September 15, 1936. Shortly thereafter appellant sent one of its agents to appellees' home and it was discovered that the principal trouble was that the flue with which the furnace was connected had a very imperfect draft. Appellant's testimony shows that before the furnace was installed the existing flue appeared to be a good one and appellant's agent thought, and so told appellees, that it was a good flue and ought to take care of the draft satisfactorily. When appellant's agent examined the furnace in the Fall of 1936, he says he found nothing wrong with it and determined that the only possible solution was that the flue was not sufficient, whereupon he broke into the flue and discovered that it had no draft. He thereupon advised appellees that they would have to build a new flue. This was done by appellees at a cost of $100.

Appellant did not secure counsel in the action filed against it and the action drifted along without anything being done until on June 8, 1938, appellant received a notice from appellees' attorney that the case would be tried on June 10. Appellant immediately employed counsel who filed answer, and when the case was called for trial on June 11, 1938, a motion for continuance was made by appellant, supported by affidavits. It appears from these affidavits, which are uncontroverted, that appellant understood after the new flue was built that the furnace was in satisfactory working order and that

there would be no trial of the law suit and that therefore it did not employ counsel; that several of their important witnesses, whose testimony was set out in the affidavits, were out of the state and that they could not secure the presence of these witnesses in time for a trial after receiving the notice from appellee's attorney on June 8. The Court overruled the motion for a continuance and did not permit appellant to read the affidavits as the testimony of the absent witnesses.

We are of the opinion that the court abused its sound discretion in refusing either to continue the case or to permit the affidavits to be read as depositions, in view of the showing made. It is apparent that appellant did not consider that the action was going to be tried. The writing of the letter to appellant by appellee's attorney in itself shows a recognition of some sort of understanding between appellant and appellees or some duty owing to it. In the ordinary law suit no duty is incumbent on the attorney for one party to notify opposing counsel of the date of a trial. This notice given to appellant by letter was only three days before the trial, which was obviously an insufficient time to prepare for trial where appellant was not a resident of the county and could not secure its witnesses in time for the trial. In the circumstances disclosed by these affidavits, it was an abuse of discretion on the part of the trial court not to continue the case or permit appellant to read the affidavits as the depositions of its absent witnesses.

Complaint is made by appellant of the instructions fixing the measure of damage and this complaint is amply justified. The trial court permitted the jury to consider as an element of damage the building of the new flue. This was erroneous as appellant's warranty of the furnace cannot be held to include a warranty of a flue with which it had no connection or responsibility. Nor were appellees entitled to recover for damage done by smoke to the furniture and wall paper. This damage, it clearly appears from the evidence, was done the first winter and was caused by smoke which, in turn, was caused by the defective flue for which appellant had no responsibility. A mere expression of opinion by appellant's agent that the flue appeared to be sufficient for the purpose cannot be construed as a warranty of the flue. It is true that one of the appellees says that the furnace smoked *some* after the new flue was installed,

but the furnace was still in use at the time of the trial and the evidence does not show any damage from smoke after the new flue was built. Nor was the item of $20 for a new set of plans recoverable damage since it had no connection with an attempted repair of the furnace.

The correct measure of damage for breach of warranty of the quality of a furnace is the difference between the fair value thereof as it was at the time of installation and as it would have been if it had come up to the warranty, together with any special damage sustained in its proper installation and in efforts to repair and restore it. Vandiver v. B. B. Wilson & Company, 244 Ky. 601, 51 S. W. (2d) 899; Chapman Drug Company v. Southern Ice Cream, Ice & Milk Company, 250 Ky. 80, 61 S. W. (2d) 1041; Rudolph Wurlitzer Company v. Kaufman-Straus Company, 273 Ky. 149, 116 S. W. (2d) 305. The necessary and reasonable expense of trips made by appellees in the endeavor to effect repair of the furnace was a proper item of recovery.

The trial court, in its instructions, after setting out the various items of damage claimed by appellees, told the jury that they might find for the plaintiffs whatever they might think was "right and proper under the evidence and these instructions." This character of instruction has been many times condemned by this court. It furnishes no legal criterion whatever by which the jury may be guided in fixing damages.

On account of the error of the trial court in refusing to grant a continuance or permit the affidavits to be read as the depositions of the absent witnesses and on account of the error in the instructions, the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent with this opinion.