FAUSETT & COMPANY, INC., *v.* BULLARD.

4-9153                                                        229 S. W. 2d 490

Opinion delivered April 24, 1950.

Rehearing denied May 29, 1950.

*Moore, Burrow, Chowning & Mitchell,* for appellant.

*Owens, Ehrman & McHaney* and *John M. Lofton, Jr.,* for appellee.

GEORGE ROSE SMITH, J. The appellees, W. T. and Allene Bullard, brought this suit to recover damages resulting from misrepresentation made by the appellant's agents in connection with the sale of a dwelling house in Little Rock. This appeal is from a judgment entered upon a verdict for $4,463.

The appellant is a corporation engaged in buying and selling real estate. In April of 1948 it owned the house in question and advertised it for sale. For several months the house had been occupied by E. L. Fausett, president of the company. The appellees saw the advertisement and began negotiations that led to their purchasing the property on April 26, for $16,500. Bullard testified that twice during the negotiations he inquired about conditions underneath the house, as the front of the house was so low that the floor was almost even with the yard. On both occasions Fausett replied that his

crew had been under the house doing some work and it was in excellent condition. Mrs. Bullard corroborated her husband's testimony as to one of these occasions, while Fausett denied having made the statements attributed to him.

After the Bullards took possession they found that the floors vibrated noticeably. In July, Bullard crawled under the house and found a state of serious deterioration and disrepair. These conditions need not be described, as the amount of the verdict is not questioned.

Appellant's principal contention is that it was entitled to a directed verdict. It is insisted that the theory by which the case was allowed to go to the jury is erroneous in two respects.

First, the appellant contends that the proof does not show that Fausett knew his statements about the house to be untrue. It is argued that since the representations were made in apparent good faith there can be no liability in an action at law for deceit.

There was certainly a time in the early development of the common law when the plaintiff in an action of this kind had to prove a conscious and deliberate intention to deceive on the part of the defendant. But since those early decisions it has long been settled that representations are considered to be fraudulent if made by one who "either knows them to be false, or else, not knowing, asserts them to be true." *Hunt* v. *Davis,* 98 Ark. 44, 135 S. W. 458; *Brown* v. *LeMay,* 101 Ark. 95, 141 S. W. 759; *Whaley* v. *Niven,* 175 Ark. 839, 1 S. W. 2d 3. The best statement of the reasons underlying the stricter rule has been made by Williston: "The inherent justice of the severer rule of liability which in some cases at least holds a speaker liable for damages for false representations, though his intentions were innocent and his statements honestly intended, is equally clear. However honest his state of mind, he has induced another to act, and damage has been thereby caused. If it be added that the plaintiff had good reason to attribute to the defendant accurate knowledge of what he was talking about, and the

statement related to a matter of business in regard to which action was to be expected, every moral reason exists for holding the defendant liable.'' Williston on Contracts (Rev. Ed.), § 1510.

Second, it is earnestly urged that the appellees were not entitled to rely on Fausett's statements, not only because they had an equally good opportunity to make an inspection but also because Bullard made some inquiries of third persons before he bought the property. The appellant relies chiefly on this language in *Yeates* v. *Pryor,* 11 Ark. 58, decided in 1850: ''If the means of information are alike accessible to both, so that, with ordinary prudence or vigilance, the parties might respectively rely upon their own judgment, they must be presumed to have done so; or if they have not so informed themselves, must abide the consequences of their own inattention and carelessness.''

This quotation pretty well summarizes the doctrine of *caveat emptor,* but it has not been applied inflexibly to every situation. There are many circumstances that justify the buyer in acting upon the seller's statements, even though there is an opportunity to discover their falsity. For instance, in *Brown* v. *LeMay,* 101 Ark. 95, 141 S. W. 759, the seller represented that a tract contained 35 acres when in fact there were only 30.9. Of course the buyer could have ascertained the truth by having the land surveyed, as she did later on. Nevertheless we upheld a judgment for damages, it being shown that the seller knew that his statement was being relied upon. In *Myers* v. *Martin,* 168 Ark. 1028, 272 S. W. 856, it was held that the buyer may credit the statements of a seller who has peculiar knowledge of the subject-matter of the sale.

In this case Fausett was engaged in the business of buying and selling houses. He had been living in this house for a number of months. He said that his crew had been under the house and it was in excellent condition. In view of these circumstances the trial court correctly refused to declare as a matter of law that the Bullards were not entitled to trust Fausett's assurances. ''The

recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying on its truth, although he might have ascertained the falsity of the representation had he made an investigation. . . . The rule . . . applies not only where an investigation would involve an expenditure of effort and money out of proportion to the magnitude of the transaction but also where it could be made without any considerable trouble or expense.'' Rest., Torts, § 540.

Nor are the appellees precluded from recovery merely because Bullard made some inquiries about the house. The court instructed the jury that the appellees could not recover if they relied upon information obtained from other sources and not upon Fausett's representations. This theory of the case was correct. ''It is not enough to relieve the maker of a fraudulent representation from liability that the person to whom it is made makes an investigation of its truth. It is necessary that the other shall rely upon his investigation and shall not rely upon the false statement.'' Rest., Torts, § 547:

Various errors are assigned in the giving and refusal of instructions, but they all relate to the matters already discussed. The judgment is affirmed.