MAURICE *v.* CHAFFIN.

4-9554

241 S. W. 2d 257

Opinion delivered July 2, 1951.

274

*David L. Ford,* for appellant.

*Bland, Kincannon & Bethell,* for appellee.

HOLT, J. The present suit was filed August 15, 1950, by appellee, M. N. Chaffin. He alleged in his complaint, in effect, that L. T. Maurice sold him a heavy duty truck (GMC-302-1941 model); the consideration was an International 1939 truck and $900 additional, evidenced by note of even date and mortgage as security. Appellee further alleged that appellant represented that the GMC truck was in first class condition, in good running order, that all parts had just been completely overhauled, and that the truck was in good usable condition; that said representations were falsely and knowingly made with the intent to defraud appellee, that in fact, the motor, transmission and rear end assembly were completely worn out, rendering the truck worthless and unusable and that he had expended $358 in repairs.

He asked "to have said contract rescinded and tender said GMC truck to the defendant (appellant) and is entitled to have returned to him his International truck and to have said note and mortgage cancelled," and also for recovery of the amount of the repairs.

Appellant answered with a general denial.

A trial resulted in a decree for appellee, rescinding the sale, cancelling the note and mortgage and appellee "is ordered to deliver to the defendant and transfer title to the GMC-302-1941 model truck upon his payment to the C. & W. Auto Garage of Fort Smith, Arkansas, the sum of $178 and upon the payment into the court subject to

the orders of the court the sum of $188 for the use and benefit of Williams Motor Company, and the defendant is ordered to deliver and transfer title to the plaintiff to the IC-35-1939 model truck and to pay the costs of this action,'' etc.

This appeal followed.

Appellee testified that while he was having some repairs done on his 1939 model International truck, appellant came up, and after looking over it, said: ''Boy, I got a truck out here that is just exactly what you need. This is too light for what you are going to use it for. I have just what you need, a large truck at the foot of the hill.''

Following this conversation, they immediately went to a shop where appellant's truck (GMC, 1941 model) was stored and appellant told appellee that he (appellant) had (quoting from appellee's testimony): ''A. Overhauled it from one end to the other, and it was in A-1 shape. He told me whose truck it used to be and all that stuff. Everything was supposed to have been in A-1 shape from one end to the other. Of course, I could see it was a new frame and a new cab and everything like that, and I went and talked to the head mechanic, and he said, 'Yeah, we overhauled it,' but I still didn't know it had been in there four years, or five, working on it.''

That relying on the truthfulness of appellant's statement, he traded for the truck, in consideration of his (appellee's) 1939 International truck and $900 additional, evidenced by note and mortgage. Appellee further testified that the truck was worn out and useless and that he offered to return it within a few weeks after the sale and rescind the sale but appellant refused. Appellee also tendered the truck to appellant the date the present suit was filed.

A competent mechanic, apparently disinterested, testified, in effect, tending to corroborate appellee's testimony.

It appears to be undisputed that appellee spent approximately $366 in attempting to repair the truck following the sale.

While the testimony offered by appellant, which we do not detail, tended to contradict that of appellee, after considering all of the evidence, we are unable to say that the trial court's findings were against the preponderance thereof.

Under our "Uniform Sales Act," Ark. Stats. 1947, § 68-1412 (vol. 6, p. 613), an express warranty is defined as: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty," and § 68-1469 provides the remedies for the breach of a warranty in a contract for the sale of goods. Subsection (d) provides: "Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid," and subparagraph (3) provides: "Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale."

As indicated, we hold that the preponderance of the evidence shows that appellant knowingly misrepresented to appellee that the GMC truck was in A-1 condition and suitable for appellee's purposes, that appellee relied on these representations which amounted, in the circumstances, to warranties (more than opinions) and was thus induced to buy. The truck was practically worn out or useless and these representations, upon which appellee

had the right to rely, amounted to a breach of warranty in the sale of the truck to appellee, and therefore, appellee had the right to rescind as the trial court found.

"When the representation is made of a fact that has nothing to do with opinion, and is peculiarly within the knowledge of the person making it, the one receiving it has the absolute right to rely upon its truthfulness, though the means of ascertaining its falsity were fully open to him," *Evatt* v. *Hudson,* 97 Ark. 265, 133 S. W. 1023, and the very recent case of *Fausett & Company, Inc.* v. *Bullard,* 217 Ark. 176, 229 S. W. 2d 490: "Representations are considered to be fraudulent if made by one who 'either knows them to be false, or else, not knowing, asserts them to be true.'" (Citing cases.) See, also, *Logue* v. *Hill,* 218 Ark. 797, 238 S. W. 2d 753.

The evidence also shows that appellee, within a reasonable time (a few weeks) after appellee sold him the truck, notified appellant (seller) of his election to rescind, and further offered to return the truck, in substantially as good condition as when the sale was made. This, appellee had the right to do under the above sections, (d) and (3) of the statute, that is "rescind * * * the sale * * * return or offer to return them (the goods) to the seller and recover the price * * * which has been paid."

The trial court correctly allowed for the repairs made at appellee's expense after the sale of the truck to him. In the recent case of *Williams* v. *Maier,* 213 Ark. 359, 210 S. W. 2d 499, the purchaser of a pump attempted to rescind the contract of sale for an alleged breach of warranty. In an attempt to make the pump function and serve the purpose for which it was bought, the purchaser made certain repairs. Recovery for these repairs was allowed on the ground that such repairs were the proximate result of the seller's misrepresentations and breach of warranty. We there said: "In addition she would be entitled to the cost of installation of the pump, and the cost of the repairs, and the parts which she bought.

"The annotation to the Uniform Sales Act, p. 338, cites cases which hold that such expenses are recoverable.

Among others the case of *Moss* v. *Yount,* 296 Ky. 415, 177 S. W. 2d 372, 151 A. L. R. 441, in which case it was held that where a tractor sold was worthless except as junk, buyer's reasonable efforts to restore tractor to condition where it would serve purpose for which it was bought, and expenses while making such efforts were proximate result of seller's breach of warranty. Other cases cited to the same effect are *Stevens* v. *William S. Howe Co.,* 275 Mass. 398, 176 N. E. 208, and *Plumbers Supply Co.* v. *Lanter,* 280 Ky. 523, 133 S. W. 2d 739.''

The decree is correct.

Affirmed.