GENTRY v. LITTLE ROCK ROAD MACHINERY Co.

5-2218                                                      339 S. W. 2d 101

Opinion delivered October 17, 1960.

*Jeff Duty* and *Wayne Foster,* for appellant.

*Moore, Chowning, Mitchell, Hamilton & Burrow,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant for rescission of a conditional sales contract by which he bought a secondhand tractor from the appellee, for $6,875. The complaint asserted two grounds for cancellation of the contract: First, that the seller had made false representations about the condition of the tractor, and, secondly, that there had been a breach of an express or implied warranty. The chancellor granted rescission upon the second ground and entered a decree canceling the contract and adjusting the account between the parties. An appeal and cross appeal bring the whole case up for review in the form of a trial *de novo.*

The really basic issue is the appellant's right to a cancellation of the agreement, either for fraud or breach of warranty. Gentry testified that in making the purchase he cautioned the appellant's salesman that he knew nothing about this kind of tractor and that he was relying upon the salesman's word as to the condition of the machine. Gentry says that the salesman, after receiving this warning, assured him that the tractor was in A-1 condition. The salesman disputes Gentry's testimony, but the chancellor found that the representation was actually made, and this finding cannot be said to be against the weight of the evidence.

The proof shows clearly enough that the tractor was not in A-1 condition and that the seller's repeated efforts to repair it were unavailing. We need not discuss this evidence, for the appellee does not, and indeed could not, contend that the machine was in A-1 condition.

The chancellor set aside the contract for breach of warranty despite the fact that the written agreement recites that the seller makes no express warranty with respect to the property and that the buyer waives any warranty implied by law. The appellee relies upon this contractual disclaimer of all warranties to support its argument that the trial court erred in decreeing a rescission of the agreement for breach of warranty.

It is true that we held in *Moss* v. *Gardner,* 228 Ark. 828, 310 S. W. 2d 491, that § 71 of the Uniform Sales Act permits the parties to agree that all implied warranties will be excluded from their agreement. Ark. Stats. 1947, § 68-1471. The *Moss* case involved a conditional sales contract, but we overlooked § 76 c of our Sales Act, by which the legislature expressly excepted conditional sales from the operation of the statute. Ark. Stats., § 68-1479; *Cloud Oak Flooring Co.* v. *J. A. Riggs Tractor Co.,* 223 Ark. 447, 266 S. W. 2d 284. Hence § 71 of our Sales Act is not properly applicable to the conditional sales contract now before us.

We do not find it necessary to analyze in detail the appellant's asserted cause of action for breach of warranty, for we are convinced that the cancellation decree should in any event be affirmed upon the alternative ground of misrepresentation by the seller. In the circumstances of this case, where the purchaser was paying a very substantial sum, amounting to about 40 per cent of the price for a brand-new tractor, we do not regard the seller's representation as a mere expression of opinion and therefore not actionable. See *Cannaday* v. *Cossey,* 228 Ark. 1119, 312 S. W. 2d 442. A representation that a used truck was in A-1 condition has been held to be a statement of fact and hence a warranty rather than a mere expression of opinion. *Maurice* v.

*Chaffin,* 219 Ark. 273, 241 S. W. 2d 257. By the same reasoning such a representation, when falsely made, gives rise to a cause of action in tort. *Fausett & Co.* v. *Bullard,* 217 Ark. 176, 229 S. W. 2d 490.

As a subsidiary argument the appellee insists that the appellant waived his right to rescission by not bringing suit until one year after the sale, *Jones* v. *Gregg,* 226 Ark. 595, 293 S. W. 2d 545. This defense was not raised in the appellee's answer, which consisted only of a general denial. There was thus no occasion for the appellant to offer proof of facts tending to excuse his delay, and it would be manifestly unfair to reject his cause of action upon a ground that was not developed at the trial and appears to be raised for the first time on appeal.

The remaining points relate to the accounting between the parties after the contract has been set aside. The appellant made one monthly payment of $593.06 upon the contract, but the chancellor refused to allow him to recover this amount, finding that it constituted a reasonable rental for the machine during the time that the purchaser used it. The record contains no evidence at all relating to the rental value of the tractor, nor is there any proof that the plaintiff derived any benefit from his vain attempts to operate the machine. The decree will therefore be modified to permit the appellant to recover the amount of his cash payment, with interest.

The appellant also sought to recover the value of a small used tractor that he traded in upon the one purchased. The written contract allowed the purchaser a credit of $1,250 for the machine traded in, but the appellee sold it six months later for only $470. We cannot say that the chancellor was in error in limiting the appellant's recovery to the smaller figure. The issue is the market value of the little tractor on the date that it was traded in. Its actual selling price a few months later, as determined in a transaction apparently entered into at arm's length, was competent e v i d e n c e of value.

*Perkins* v. *Ewan,* 66 Ark. 175, 49 S. W. 569. On the other hand, it is well known that a trade-in allowance may have little relation to the true value of the property. "The difference between a cash price and a trade in price is too marked and too familiar to require discussion." *Lawrence Const. Co.* v. *Harnisch-Feger Sales Corp.,* 164 Tenn. 651, 51 S. W. 2d 837. The parties were content to present only the scanty evidence of value that we have mentioned, and the chancellor was justified in accepting the actual selling price as the more reliable of the two figures suggested.

Finally, the appellant seeks to recover damages for a loss of business that occurred as a result of his inability to operate the tractor that he bought. The machine was to have been used in the operation of a limestone quarry, and its repeated break-downs caused the appellant to lose certain orders for agricultural lime. The appellant merely proved the gross selling price represented by these orders, with no proof whatever touching upon the costs that would have been involved in filling the orders. His evidence is therefore fatally defective, for there is no way for the court to estimate the amount of profits that were lost. *Singer Mfg. Co.* v. *W. D. Reeves Lbr. Co.,* 95 Ark. 363, 129 S. W. 805.

Modified as indicated and affirmed.