Charles SHEFFIELD *v.* Alta Willene STRICKLAND

CA 79-323                                         599 S.W. 2d 422

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Truman H. Smith,* for appellant.

*Ronald G. Woodruff* and *Priscilla Karen Pope,* for appellee.

GEORGE HOWARD, JR., Judge. Appellant and appellee were divorced on April 22, 1966, while appellant was a member of the United States Armed Forces and stationed in Texas. Among other things, the divorce judgment awarded custody of the parties' minor child, Robin, to appellee, and imposed a duty on appellant to pay child support of $55.20 per month.

Between April 22, 1966, and December 6, 1972, appellee

received, by way of an allotment, three checks of $55.20 each. Appellee subsequently remarried and her husband advised her of his desire to adopt appellant's minor child. As a consequence, appellant, on December 6, 1972, executed a written consent to the adoption.

On October 22, 1973, appellee petitioned the Chancery Court of Washington County for leave to register the Texas divorce and child support judgment. On August 27, 1974, appellee filed a petition for judgment against appellant for unpaid child support that had accrued prior to December 6, 1972. This proceeding was stayed pending appellant's return to the United States from Germany.

On April 12, 1979, the Circuit Court of Washington County entered an order registering the Texas judgment and awarding a judgment against appellant in favor of appellee for $4,195.20 for child support arrearage for the period beginning December 1, 1966, to December 6, 1972.

Appellant argues that the trial court erred by awarding child support arrearage barred by statute of limitations, laches and estoppel.

The difficulty that appellant faces from the very outset in asserting these defenses is the undisputed fact that these defenses were not raised at the trial court level. It is well recognized that an issue not raised at the trial court level may not be raised for the first time on appeal. *Gentry* v. *Little Rock Road Machinery Co.,* 232 Ark. 580, 339 S.W. 2d 101 (1960). Moreover, appellant simply filed a general denial to appellee's petition to reduce the back child support payments to judgment. Laches, estoppel and statute of limitations are affirmative defenses, and, accordingly, must be pled affirmatively.

In *Gentry* v. *Little Rock Road Machinery Co.,* supra, the Arkansas Supreme Court in articulating the necessing of raising affirmative defenses at the trial court level stated:

". . . This defense was not raised in the appellee's answer, which consisted only of a general denial. There

was thus no occasion for the appellant to offer proof of facts tending to excuse his delay, and it would be manifestly unfair to reject his cause of action upon a ground that was not developed at the trial and appears to be raised for the first time on appeal."

Finally, appellant claims that appellee admitted, on cross-examination, that he renunciated child support payments and the trial court fell into error in not finding a waiver of child support, or, at the very least, appellant was released from paying further child support; and that his consent to the adoption of his child by appellee's present husband supplies the necessary consideration for the release.

Appellee testified that she told appellant, when appellant contacted her regarding child support, sometime after the divorce judgment had been rendered, that she did not want any support as ordered by the Texas Court. Further, she conceded that she never made demand for child support until after appellant had signed the consent for the adoption in 1972. However, appellee testified that while she advised her attorney, who contacted and supervised the execution of the consent given by appellant, that she would waive all future child support payments, she denied emphatically that her attorney was authorized to waive any back support payments accumulated prior to December 6, 1972.

The trial court was presented with a fact question as to whether appellee had agreed to forfeit any child support payments. We are unable to say that the finding of the court is not supported by substantial evidence.

Moreover, we recognized recently that parties may not alter a decree by their unilateral or bilateral acts for this is a prerogative of the court and the court alone. *Bethell* v. *Bethell,* 268 Ark. 409, 597 S.W. 2d 576 (1980); *Jerry* v. *Jerry,* 235 Ark. 589, 361 S.W. 2d 92 (1962); *Thompson* v. *Thompson,* 254 Ark. 881, 496 S.W. 2d 425 (1973). This case does not present circumstances justifying a remittance of the accumulated payments. There is no evidence that the parties had an agreement as

the trial court found, calling for the forfeiture of accumulated or future payments, prior to December 6, 1972, that the parties acted upon the agreement, that appellant made certain decisions that he might not have made had it not been for the agreement and appellant would have initiated a court proceeding for relief, but for the agreement to the renunciation of the child support by appellee. *See: Bethell* v. *Bethell,* supra; *Riegler* v. *Riegler,* 246 Ark. 434, 438 S.W. 2d 468 (1969); *Sage* v. *Sage,* 219 Ark. 853, 245 S.W. 2d 398 (1952).

Affirmed.