LOGUE *v.* HILL.

4-9471                                                    238 S. W. 2d 753

Opinion delivered April 23, 1951.

*Robert A. Zebold* and *Harry T. Wooldridge,* for appellant.

*T. S. Lovett, Jr.,* and *G. D. Walker,* for appellee.

ED. F. McFADDIN, Justice. Stripped of extraneous matters, this is a suit brought by appellee, Hill, against appellant, Logue, to recover the contract sale price of $1,400 for a second-hand tractor and attachments. Logue's defense was a breach of the express warranty. The Chancery Court,[1] by its decree, inferentially found that there was an express warranty and breach thereof and allowed Logue credit for $240.35 from the sale price of $1,400. Logue has appealed from the decree of $1,159.65 against him and Hill has cross-appealed from the decree allowing Logue credit for $240.35.

I. *Express Warranty.* Section 68-1412, Ark. Stats., is a part of the Uniform Sales Act adopted by Act 428 of the 1941 Arkansas Legislature and says:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

The evidence shows that Logue had never owned or operated a tractor and knew nothing about one, whereas Hill had owned and operated this one for a year. The evidence shows that in order to induce Logue to buy the tractor, Hill told him that "it was in first class shape," and that "it was in A-1 shape." In the light of the foregoing Statute, and our case of *Williams* v. *Maier,* 213

---

[1] The case was in Chancery because Hill claimed a landlord's lien on crops raised by Logue and claimed that the tractor was "a necessary supply" under § 51-203, Ark. Stats. Due to the wording of the supersedeas bond filed by Logue, preparatory to perfecting this appeal, it becomes unnecessary for us to consider anything except the matters herein discussed.

Ark. 359, 210 S. W. 2d 499, the Chancery Court was correct in holding that Hill's statements amounted to an express warranty.

II. *Breach of Warranty.* That the tractor was not in "first class shape," or "A-1 shape," when sold to Logue is established by an abundance of evidence. It needed some new rings, connecting rods, and other parts to be "in first class shape" for the work contemplated by the parties. Logue produced paid receipts for $240.35 covering various repairs, and testified to other items for which he had no receipt. Even when we disregard—as we do—the repairs necessitated by the damage to the tractor caused by Logue's son, nevertheless, we cannot say that the amount of $240.35 allowed by the Chancery Court is shown to be excessive: particularly when Hill's brother testified that the tractor was not in good running condition; and the witness, Goins, testified that the cylinders were so worn that some of the rings broke.

III. *Logue's Claim of Rescission.* Logue claims that he rescinded the purchase contract as soon as he found the tractor to be defective; and therefore he says he is not liable for any part of the purchase price. He claims rescission under § 68-1469, Ark. Stats.,[2] which provides in subdivision (1) (d):

"Where there is a breach of warranty by the seller, the buyer may, at his election—rescind the contract to sell or the sale and . . . if the goods have already been received, return them or offer to return them to the seller. . . ."

But in making this claim for rescission, Logue has failed to bring himself within the requirement of subdivision (3) of the same Statute, which reads:

"Where the goods have been delivered to the buyer, he cannot rescind the sale . . . if he fails to notify the seller within a reasonable time of the election to rescind. . . ."

---

[2] The words in Black Face type at the beginning of § 68-1469, Ark. Stats., are *NOT* a part of the Statute as enacted by the Legislature.

The evidence in the case at bar shows that Logue kept the tractor, used it all during the spring and summer of the crop year, and made no offer to return it until after he had gathered his cotton crop in the fall of the year. Logue's own witnesses placed a value of several hundred dollars on the tractor independent of the value of the attachments. From the evidence, it is apparent that Logue did not rescind within the time and manner required by the Statute. Thus, all the relief that Logue can claim is that provided in subdivision (1) (a) of the same section, which says:

"Where there is a breach of warranty by the seller, the buyer may at his election— . . . keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution . . . of the price." The chancery decree allowed Logue such relief in the sum of $240.35, as previously stated.

We affirm on both direct appeal and cross-appeal.