MEARS *v.* ROOD.

5-2351                                    345 S. W. 2d 374

Opinion delivered April 17, 1961.

*Spitzberg, Bonner, Mitchell & Hays* and *Beresford L. Church, Jr.,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults* and *Moses, McClellan, Arnold, Owen & McDermott,* by *Wayne W. Owen,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a chancery decree denying rescission of a contract.

The lawsuit was filed by the appellant, Carl A. Mears, to rescind a conditional sale contract dated May 26, 1958, under which the appellant purchased a 1956 Reo truck tractor from the appellee, Fred R. Rood, d/b/a Diamond T Sales and Service Company, for a total time price of $3,864.48, payable at the rate of $161.02 per month. The contract had been promptly assigned by Fred Rood to the appellee, Universal C. I. T. Credit Corporation.

The complaint alleged in part that there was failure of consideration for the contract by reason of the failure of appellee, Rood, to produce and assign a title certificate to appellant and that as assignee of the conditional sale contract it became the duty of the appellee, Universal C. I. T. Credit Corporation, to produce a title certificate to be assigned to the appellant which it failed to do.

The appellant in his complaint prayed for a decree cancelling and rescinding the contract and for judgment against the appellees in the amount of $3,059.38, which was the amount paid by appellant Mears under the contract.

The appellee, Fred R. Rood, filed a general denial in answer to the complaint.

The appellee, Universal C. I. T. Credit Corporation, admitted in its answer to the appellant's complaint that the purchase was made, that the contract was executed on a form provided to Rood by Universal C. I. T., that the contract was immediately assigned to Universal C. I. T. by Rood, and that the contract provided for payment by the appellant to the holder of $3,864.48 at the rate of $161.02 per month, but denied the other allegations and prayed for a dismissal of the appellant's complaint.

By amendment to its answer Universal C. I. T. Credit Corporation alleged that the appellant was estopped to rescind the contract and contended that it was under no obligation to furnish a certificate of title to the appellant.

After hearing all of the evidence presented, the trial court held that the appellant was not entitled to rescind the conditional sale contract nor to have judgment for any part of the amount paid thereunder and dismissed the appellant's complaint.

From such holding comes this appeal. For reversal appellant relies upon only one point; his contention is as follows:

"The failure and refusal of the appellees to obtain, assign and deliver to the appellant a certificate of title or other satisfactory evidence of title for the Reo truck constituted a failure of consideration which warranted rescission of the conditional sale contract by the appellant."

The record reveals that after appellant Mears purchased the truck tractor from appellee, Rood, on May

26, 1958, he (Mears) immediately leased the same to the Champion Oil Company on an over-the-road haul at 12½¢ per mile with the lessee furnishing everything but the upkeep on the tractor, and for the first five months of such operation he collected $634.35 per month for such rental.

It is undisputed that at the time of the purchase the seller did not have in his possession a certificate of origin nor a certificate of title as such are known under the Uniform Motor Vehicle Administration, Certificate of Title, and Antitheft Act because of the absence of such certificate, the seller went with the purchaser to the Commissioner of Revenues and there procured the registration and a license plate for said truck. The registration and the license plate were good until August 1, 1958. When the time came for the truck to be relicensed, that is just prior to August 1958, the purchaser went without the seller's accompanying him to the Revenue Department and relicensed the truck with a new plate for the year August 1, 1958, to August 1, 1959. The truck was used until August 1, 1959, at which time the purchaser did not have the money to pay for a new license for the truck nor did he have any use for the truck, his contract with Champion Oil having expired. He became delinquent in his payments to Universal C. I. T. and in March 1960, it repossessed the truck.

The Uniform Sales Act, Ark. Stats. Anno. Sec. 68-1469, provides in part as follows:

"(1) Where there is a breach of warranty by the seller, the buyer may, at his election—

\* \* \*

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

\* \* \*

"(3) Where the goods have been delivered to the buyer, *he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer.* But if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale." [Emphasis supplied.]

It is undisputed that the truck tractor here involved was bought on the 26th day of May 1958, and was kept by the purchaser until March of 1960, which was almost two full years from the date of the purchase. Likewise, appellant's testimony is undisputed that he knew there was no title to the truck at the time he and Fred Rood went to have it licensed and at the same time some two months later when he went by himself to have it licensed; that he operated the truck during that extensive period of time and failed to take any action against the seller or in any way sought to rescind the sale until such time as he had defaulted in his payments. In the case of *Logue, et al.,* v. *Hill,* 218 Ark. 797, 238 S. W. 2d 753, this Court had occasion to pass upon a fact question analogous with the question here presented. In that case Hill sold a second hand tractor to Logue, who had never owned a tractor, upon the representation that the tractor was in first class condition. Logue took the tractor and kept it during the spring, summer and fall of the year of purchase. After Logue had harvested his crops with the tractor, Hill brought a suit against him for the purchase price in which Logue defended upon the grounds that there had been a breach of warranty as to the condition of the tractor. The trial court found that there had been a breach of warranty and allowed Hill to recover the full purchase price for the tractor except the sum of $240 which Hill proved he spent to repair the tractor. Both Hill and Logue appealed. This Court concurred

with the trial court in its opinion that there had been a breach of warranty, but in holding against Logue had this to say:

"Logue claims that he rescinded the purchase contract as soon as he found the tractor to be defective; and therefore he says he is not liable for any part of the purchase price. He claims rescission under Sec. 68-1469, Ark. Stats., which provides in subdivision (1) (d): 'Where there is a breach of warranty by the seller, the buyer may, at his election . . . rescind the contract to sell or the sale and . . . if the goods have already been received, return them or offer to return them to the seller . . .'

"But in making this claim for rescission, Logue has failed to bring himself within the requirement of subdivision (3) of the same Statute, which reads:

" 'Where the goods have been delivered to the buyer he cannot rescind the sale . . . if he fails to notify the seller within a reasonable time of the election to rescind . . .'

"The evidence in the case at bar shows that Logue kept the tractor, used it all during the spring and summer of the crop year, and made no offer to return it until after he had gathered his cotton crop in the fall of the year. Logue's own witnesses placed a value of several hundred dollars on the tractor independent of the value of the attachments. From the evidence, it is apparent that Logue did not rescind within the time and manner required by the Statute. Thus, all the relief that Logue can claim is that provided in subdivision (1) (a) of the same Section, which says: 'Where there is a breach of warranty by the seller, the buyer may, at his election . . . keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution . . . of the price';"

Also see: *Cross* v. *Rial*, 227 Ark. 1124, 305 S. W. 2d 129.

Applying this rule to the undisputed facts summarized above, we have no choice but to conclude that the

weight of the evidence supported the Chancellor's decree holding that appellant waived his rights to rescission.

Affirmed.